(Nos. 39248-249 cons.—

DEPARTMENT OF REVENUE, Appellee, *vs.* RALPH BARDING, d/b/a BARDING USED CARS, Appellant.—SAME APPELLEE *vs.* BARDING TRAILER SALES, INC., Appellant.

*Opinion filed September 28, 1965.*

MICHAEL M. PHILLIPS, of Chicago, for appellants.

WILLIAM G. CLARK, Attorney General, of Springfield, (JOSEPH A. LONDRIGAN and GEORGE W. SCHWANER, JR., Assistant Attorneys General, of counsel,) for appellee.

Mr. JUSTICE UNDERWOOD delivered the opinion of the court:

These are consolidated appeals from judgments of the circuit court of Macon County finding defendant taxpayers, appellants here, indebted to the State of Illinois for retailers' occupation taxes, with interest at 5% per annum from May 15, 1952. The revenue is involved, conferring jurisdiction upon this court by direct appeal. Defendant taxpayers have elected to confine their briefs to the pleadings in the cause against Barding Trailer Sales, Inc. (No. 39249). We accordingly set forth the relevant facts in that case only.

On May 14, 1952, the Department of Revenue mailed by registered letter to defendant taxpayer a final assessment

under the Retailers' Occupation Tax Act which was received on May 16, 1952. On June 17, 1952, a complaint was filed by the taxpayer under the provisions of the Administrative Review Act in the circuit court of Cook County. The required bond was approved by that court and filed therewith. In June of 1954, since the taxpayer's principal place of business is in Macon County, the Department of Revenue moved to transfer the cause to the circuit court of Macon County, whereupon the transfer was ordered. The action was placed upon that court's docket on October 16, 1954, where it remained dormant until April 28, 1961, when the cause was dismissed for want of prosecution. Subsequently, on March 5, 1963, this action to compel payment of the tax was instituted by the Department.

The principal contention of defendant taxpayer is that the action was barred since no complaint was filed in a court of competent jurisdiction within the two-year period prescribed in section 5 of the Retailers' Occupation Tax Act. (Ill. Rev. Stat. 1963, chap. 120, par. 444.) This theory is predicated upon the premise that under section 12 of the act (Ill. Rev. Stat. 1963, chap. 120, par. 451), only the circuit court of the county wherein the taxpayer has his principal place of business has the power to review administrative decisions of the Department of Revenue, the statute being jurisdictional. It is therefore maintained that the action instituted in the circuit court of Cook County was null and void and the purported transfer ordered by that court was of no force and effect. The statute of limitations must, under this theory, have expired in 1954. We have held in a similar case that this provision of the Retailers' Occupation Tax Act is not jurisdictional but relates solely to venue. (*Merit Chevrolet, Inc.* v. *Department of Revenue,* Docket No. 39129, adopted this day.) That case is determinative here. It was there conclusively established that if an action to review a determination of the Department of Revenue is instituted in *any* circuit court within the statu-

tory time limit (35 days) as required by section 4 of the Administrative Review Act (Ill. Rev. Stat. 1963, chap. 110, par. 267), and other jurisdictional requisites are met, that court has the power to transfer the cause to the court of proper venue. It is thus apparent that in the instant situation the circuit court of Cook County was competent to approve the statutory bond and order a transfer of this cause to the circuit court of Macon County, where it was later dismissed for want of prosecution. Since the present action was instituted within two years from the latter date, the statute of limitations had not yet run, and the cause was properly cognizable by the court.

Defendant taxpayer next argues that the Department is estopped from contending that the taxpayer filed an administrative review action within the time required by statute inasmuch as the Director of Revenue certified to the circuit court of Macon County in 1962 that no such action had been filed. However, public policy ordinarily forbids the application of estoppel to the State where the public revenues are involved, (*People* v. *Levy Circulating Co.* 17 Ill.2d 168; *People ex rel. Barrett* v. *Bradford,* 372 Ill. 63,) and no reason exists here to deter application of this rule.

The trial court added to its judgment interest at 5% from May 15, 1952, apparently pursuant to section 2 of the Interest Act (Ill. Rev. Stat. 1963, chap. 74, par. 2). As last amended in 1891 that act provides: "Creditors shall be allowed to receive at the rate of five (5) per centum per annum * * * on money withheld by an unreasonable and vexatious delay of payment." Subsequent decisions hold the propriety of allowing interest under this clause should be determined in the light of all of the facts and circumstances in each case. *City of Peoria* v. *Peoria City Lines, Inc.* 24 Ill.2d 457, 465, and cases there cited.

The governing statute (Ill. Rev. Stat. 1963, chap. 120, par. 451) then as now clearly and specifically provided for review of the administrative decisions of the Department

by the circuit court of the county "wherein the taxpayer has his principal place of business." It is not unreasonable to assume that the taxpayer was aware of the fact that its principal place of business was in Macon County, and it must be presumed to have been aware of the statutory provisions for administrative review. Nevertheless, the taxpayer, on June 17, 1952, filed its complaints for review in Cook County. On June 7, 1954, the causes were transferred on motion of the State to Macon County. There they remained on the docket of the court for nearly seven years and were then dismissed for want of prosecution. While the records of the administrative review proceedings are not before us, we are not advised of any effort by the taxpayer at any time subsequent to the filing of the complaints to secure a hearing on the merits of the assessment, although the administrative review proceedings were the sole method of securing a judicial determination of the correctness of the assessment. (*People ex rel. Chicago and Northwestern Railway* v. *Hulman,* 31 Ill.2d 166; Ill. Rev. Stat. 1963, chap. 110, par. 265.) The dismissal of these proceedings for want of prosecution and the absence of a hearing on the merits of the assessment is persuasive of its validity. That the taxpayer was claiming a lack of jurisdiction in the Macon County court is of no significance, for proceeding to a hearing on the merits does not constitute a waiver of previously raised questions as to jurisdiction of the subject matter. *Werner* v. *Illinois Central Railroad Co.* 379 Ill. 559, 566.

Under defendant taxpayer's theory of this case, the unreasonable and vexatious nature of the delay is even more clear, for it argues that there has never been an administrative review proceeding with regard to this tax before a jurisdictionally competent tribunal. Consistency, therefore, requires the conclusion that the tax became due upon the issuance of the final assessment, and should have then been paid. The taxpayer's action in commencing administrative

review proceedings before a court now contended to be wholly without jurisdiction of the subject matter and thereby causing needless delay (apparently for the purpose of lulling the Department into letting the Statute of Limitations eventually preclude collection of the tax) evinces a wholly unwarranted attempt to evade payment of the tax, the substantive merits of which have never been contested in a judicial proceeding. Its present argument that the State occasioned the delay by securing transfer of the cause to the county of proper venue and by failing to seek judgment on the pleadings at an earlier date is patently frivolous.

Under all of the circumstances here prevailing we find no error in the circuit court's allowance of interest on the amount owing from the date of the final assessment, which, however, was May 16, 1952, and not May 15, 1952, as stated in the judgment order.

We find no merit in defendant's argument that interest cannot be allowed since it was not prayed in the complaint. The State's motion for judgment on the pleadings specifically requested allowance of interest from the date of final assessment. This is sufficient.

The judgments of the circuit court of Macon County are therefore affirmed except that interest shall be computed from May 16, 1952.

*Judgments affirmed as modified.*