(No. 41669.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.* SCUDDER BUICK, INC., Appellant.

*Opinion filed January 25, 1971.*

JARES, KOMOS, & LA PLACA, of Chicago, (JOSEPH J. JARES, of counsel,) for appellant.

WILLIAM J. SCOTT, Attorney General, of Springfield, and WILLIAM V. HOPF, State's Attorney, of Wheaton, (FRANCIS T. CROWE, and HERMAN R. TAVINS, Assistant Attorneys General, of counsel,) for appellee.

Mr. CHIEF JUSTICE UNDERWOOD delivered the opinion of the court:

This is an appeal from a judgment of the circuit court of Du Page County against defendant corporation in the sum of $2,421.09 as delinquent personal property taxes for the year 1966, including interest and penalties. The revenue being involved, defendant's appeal comes directly to this court (see our Rule 302(a).) 43 Ill.2d R 302.

The record before us discloses that on November 10, 1966, the Department of Revenue, pursuant to statute (Ill. Rev. Stat. 1965, ch. 120, par. 618), caused the publication of its assessment of defendant's capital stock upon which the unpaid tax is based. Thereafter, and, defendant alleges, while its petition for rehearing of its objections was pending before the Department, the Department certified the assessment to the Du Page County clerk. This suit was commenced to enforce collection, and, on May 2, 1968, counsel entered an appearance in that court on behalf of defendant, and attempted to argue its right to be heard on the merits of the assessment. The court indicated a lack of "jurisdiction" because defendant had not exhausted its administrative remedies, and entered judgment. Defendant's petition to vacate this judgment was denied after argument, and this appeal followed.

The trial court was correct in its determination that it lacked authority to consider the assessment on its merits. This conclusion follows from the fact that judicial review of the assessment is available exclusively under the Administrative Review Act. (Ill. Rev. Stat. 1965, ch. 110, par. 264 *et seq.*) Section 138 of the Revenue Act of 1939 provides in part: "The provisions of the 'Administrative Review Act' * * * shall apply to and govern all proceedings for the judicial review of final administrative decisions of the Department hereunder." (Ill. Rev. Stat. 1965, ch. 120, par. 619.) "As was noted in *Moline Tool Co.* v. *Department of Revenue,* 410 Ill. 35, 37, the Administrative Review Act,

(Ill. Rev. Stat. 1963, chap. 110, par. 264 *et seq.*) was designed to provide a single uniform method by which administrative decisions of State governmental agencies could be reviewed, and, since our decision in that case, it has become firmly established that where an act creating or conferring power on an administrative agency expressly designates that judicial review will be accomplished under the Administrative Review Act, the employment of pre-existing methods of securing judicial review is prohibited. [Citations.] Stated differently, it is the holding of *Moline Tool* and the decisions adhering to it that the Administrative Review Act exclusively applies to and governs every action to review judicially a final decision of an administrative agency where the act creating or conferring power on the agency provides such manner of review by express reference." *People ex rel. Chicago and North Western Railway Co.* v. *Hulman,* 31 Ill.2d 166, 169; see also, *Department of Revenue* v. *Barding,* 33 Ill.2d 235.

Throughout the trial court proceedings, as well as in its petition to vacate, defendant has maintained that it sought review by the Department of the published assessment (see Ill. Rev. Stat. 1965, ch. 120, par. 618; Rule 20, par. 6, Rules of Department of Revenue, Property Tax Division), obtained a decision reducing the assessment by 25%, and then filed a timely application for rehearing before the Department. (See Rule 20, par. 7, Rules of Department of Revenue, Property Tax Division.) Defendant further maintains that it received no notice of the Department's disposition, if any, of the application for rehearing. The written motion to vacate the judgment refers to a letter from the Department acknowledging error in its assessment. Neither that letter nor any testimony was before the trial court, apparently because of the trial judge's opinion that he had no authority to consider the merits of the assessment. Nor does the filing in this court of an uncertified copy of that letter,

which was not a part of the trial court record, render its consideration by us proper.

The taxpayer contends, however, that the Department's failure to act upon the application for rehearing, or, if it did act, its failure to give notice of its decision upon the application, constitutes constructive fraud which denied defendant its right "to pursue timely its administrative remedies." On this basis, defendant urges us to conclude that it either exhausted its administrative remedies, or was fraudulently prevented from doing so, and that therefore defendant should not have been denied the opportunity to object in the collection proceedings. With this contention we are in essential agreement.

The Revenue Act of 1939 provides for review by the Department of Revenue of its assessment. Section 137 of the Act provides: "Upon the completion of the original assessments to be made by the Department, it shall publish a full and complete list of such assessments in the State 'official newspaper.' Any person or corporation feeling aggrieved by any such assessment may, within ten days of the date of publication of such 'official newspaper' containing such list, apply to the Department for a review and correction of the assessment complained of. Upon such review the Department may make such correction, if any, therein as may be just and right." (Ill. Rev. Stat. 1965, ch. 120, par. 618.) Defendant did apply for review under this section, was partially successful and contends that, following receipt of the Department's decision on review, it timely applied for rehearing before the Department. While there is no statutory provision for rehearing, Rule 20(7) of the Department of Revenue, Property Tax Division, states: "Application for a rehearing may be filed by any party to a proceeding before the Department where a case has been considered on review and notice given of the decision on review. Such application for rehearing shall be in writing

and shall be filed with the Department within five (5) days after said decision on review has been rendered and notice thereof given. In case a rehearing is granted, notice will be given to all parties interested of the time and place thereof. Petitions for rehearing shall state concisely the mistakes supposed to have been made or the new evidence to be presented. No oral argument shall be permitted upon petition for rehearing unless requested by the Department." Following such application for rehearing, the Department's decision on review of the assessment would not become final for purposes of appeal under the Administrative Review Act until the rehearing was either had or denied. (Ill. Rev. Stat. 1965, ch. 110, par. 264.) Judicial review of the Department's final decision may be commenced under the terms of the Administrative Review Act within 35 days following service of a copy of the decision. (Ill. Rev. Stat. 1965, ch. 110, par. 267.) Thus, if the application for rehearing has not been disposed of, the Department's decision is not yet final; if the application has been disposed of, but defendant has not been served with a copy of the decision, the time for commencing judicial review under the Administrative Review Act has not begun to run. In either event, further review has not been waived or foreclosed.

In our judgment substantial justice will be accomplished by remanding this cause to the circuit court of Du Page County for a hearing upon defendant's petition to vacate the judgment. If that court determines that defendant made timely application for rehearing, but was not given notice of the Department's final decision prior to entry of the circuit court's judgment of collection, that judgment shall be vacated, and the cause remanded to the Department for further proceedings.

This cause is accordingly remanded to the circuit court of Du Page County for further proceedings consistent with this opinion.

*Cause remanded, with directions.*