(No. 61255.—

FREDMAN BROTHERS FURNITURE COMPANY, INC., Appellant, v. THE DEPARTMENT OF REVENUE, Appellee.

*Opinion filed November 21, 1985.*

Herbert I. Fredman, of Collinsville, for appellant.

Neil F. Hartigan, Attorney General, of Springfield (Jill Wine-Banks, Solicitor General, and Patricia Rosen, Assistant Attorney General, of Chicago, and Eugene P. Schmittgens, Jr., Assistant Attorney General, of Springfield, of counsel), for appellee.

JUSTICE RYAN delivered the opinion of the court:

In this case we must determine the effect that a motion for rehearing before an administrative agency had on the requirement of section 4 of the Administrative Review Act (now section 3—103 of the Code of Civil Procedure (Ill. Rev. Stat. 1983, ch. 110, par. 3—103)) that an action to review a final administrative decision shall be filed within 35 days of the decision. Fredman Brothers Furniture Co., Inc. (Fredman Brothers), filed an action for judicial review of a final tax assessment 87 days after the assessment was issued, but only 35 days after a request for an administrative rehearing was denied by the Department of Revenue (the Department).

This case began with an audit of Fredman Brothers by the Department in March 1979. The Department issued a notice of tax liability to Fredman Brothers on August 30, 1979, for taxes due under the Retailers' Occupation Tax Act (Ill. Rev. Stat. 1979, ch. 120, par. 440 *et seq.*) from January 1976 through December 1978. Fredman Brothers protested the amount of liability, and an administrative hearing was held to determine the correct figure. The result was the Department's issuance of a "final assessment" of $12,403.78 in taxes, penalties, and interest on August 24, 1981. Pursuant to section 4 of the Retailers' Occupation Tax Act (Ill. Rev. Stat. 1981, ch. 120, par. 443), Fredman Brothers filed a request for a

rehearing of the assessment on September 24, 1981. The Department denied the request on October 15, 1981.

On November 19, 1981, 87 days after the "final assessment" was issued but only 35 days after the rehearing request was denied, Fredman Brothers filed an action in the circuit court of Peoria County for judicial review of the assessment. The action was filed pursuant to the provisions of section 12 of the Retailers' Occupation Tax Act (Ill. Rev. Stat. 1981, ch. 120, par. 451). The Department filed a motion to dismiss based on the portion of section 12 of the Retailers' Occupation Tax Act which provided for dismissal and entering of judgment against the taxpayer if he failed to post a sufficient bond within 20 days of filing his action. (Ill. Rev. Stat. 1981, ch. 120, par. 451.) The circuit court found that Fredman Brothers had not complied with this provision as of December 11, 1981, 21 days after the complaint was filed. The court accordingly dismissed the action and entered judgment against Fredman Brothers.

Fredman Brothers appealed, and the appellate court reversed. (*Fredman Brothers Furniture Co. v. Department of Revenue* (1982) 110 Ill. App. 3d 479.) The cause was remanded to the circuit court "with directions that Fredman be granted a review." 110 Ill. App. 3d 479, 481.

On remand, the Department filed a motion to dismiss because the complaint for review had not been filed in the circuit court within 35 days after the final tax assessment. Section 12 of the Retailers' Occupation Tax Act (Ill. Rev. Stat. 1981, ch. 120, par. 451) expressly provided that the Administrative Review Act (Ill. Rev. Stat. 1981, ch. 110, par. 264 *et seq.*) governed all proceedings for judicial review of final tax assessments. Section 4 of the Administrative Review Act in turn provided that "[e]very action to review a final administrative decision shall be commenced by the filing of a com-

plaint and the issuance of summons within 35 days from the date that a copy of the decision sought to be reviewed was served upon the party affected thereby." (Ill. Rev. Stat. 1981, ch. 110, par. 267; now Ill. Rev. Stat. 1983, ch. 110, par. 3—103.) The Department argued that the "final assessment" constituted a final administrative decision, despite Fredman Brothers' request for a rehearing, and that the circuit court lacked subject matter jurisdiction because Fredman Brothers had not filed its action within 35 days of being served with this final administrative decision as required by the Administrative Review Act. The circuit court agreed and again dismissed the case.

Fredman Brothers appealed this second dismissal, arguing that the Department had waived the 35-day provision by not raising the issue on the first appeal. It also argued that the 35-day filing period did not begin to run until the Department denied the request for a rehearing; thus its action was timely filed.

The appellate court, reviewing this case for a second time, found, with one justice dissenting, that the circuit court did not err in ordering the second dismissal of Fredman Brothers' complaint. (129 Ill. App. 3d 38, 43.) The appellate court noted that its direction in its previous remand to the circuit court to grant a review on the merits, "was, of course, based on the assumption that the circuit court had jurisdiction of the subject matter." (129 Ill. App. 3d 38, 40.) The court noted that the 35-day filing period had previously been held to be a jurisdictional requirement. (129 Ill. App. 3d 38, 40.) The circuit court's consideration of the dismissal motion was held proper, since "lack of jurisdiction of the *** subject matter 'can be raised at any time, in any court, either directly or collaterally.' [Citations.]" (129 Ill. App. 3d 38, 40.) The dissenting justice was of the opinion that the requirement that the complaint for administrative review

be filed within 35 days was a statute of limitation which had been waived and not a jurisdictional requirement. The appellate court found Fredman Brothers' action barred by its failure to file its complaint for administrative review within the 35-day jurisdictional limit. (129 Ill. App. 3d 38, 42.) We granted Fredman Brothers leave to appeal pursuant to Rule 315(a) (94 Ill. 2d R. 315(a)).

Fredman Brothers contends that the 35-day period prescribed in the Administrative Review Act is not jurisdictional but is mandatory and subject to waiver.

In determining whether the 35-day filing provision is jurisdictional, we must recognize that a significant distinction exists between statutes of limitation and statutes that both confer jurisdiction on a court and fix a time within which such jurisdiction may be exercised. Statutes of limitation only fix the time within which the remedy for a particular wrong may be sought. (See *Smith v. Toman* (1938), 368 Ill. 414, 420.) They "are procedural in nature (see *Orlicki v. McCarthy* (1954), 4 Ill. 2d 342; *Hilberg v. Industrial Com.* (1942), 380 Ill. 102; see also *Kalmich v. Bruno* (7th Cir. 1977), 553 F.2d 549, *cert. denied* (1977), 434 U.S. 940, 54 L. Ed. 2d 300, 98 S. Ct. 432) and are not designed to alter substantive rights \*\*\*." *Wilson v. Bishop* (1980), 82 Ill. 2d 364, 373.

On the other hand, "statutes which create a substantive right unknown to the common law and in which time is made an inherent element of the right so created, are not statutes of limitation." (*Smith v. Toman* (1938), 368 Ill. 414, 420.) Such a time period "is more than an ordinary statute of limitations" (*North Side Sash & Door Co. v. Hecht* (1920), 295 Ill. 515, 519); it "is a condition of the \*\*\* liability itself and not of the remedy, alone. \*\*\* It goes to the existence of the right itself." (295 Ill. 515, 519-20.) Such a provision is a condition precedent to the plaintiff's right to seek a remedy. (*North Side Sash & Door Co. v. Hecht* (1920), 295 Ill.

515, 520; *Demchuk v. Duplancich* (1982), 92 Ill. 2d 1, 9.) Such statutes set forth the requirements for bringing the right to seek a remedy into existence. They do not speak of commencing an action after the right to do so has accrued. They are jurisdictional, not mandatory.

Subject matter jurisdiction is conferred on courts by the Constitution or by legislative enactment. (*Knaus v. Chicago Title & Trust Co.* (1937), 365 Ill. 588, 592.) Article VI, section 9, of the 1970 Constitution provides: "Circuit Courts shall have original jurisdiction of all justiciable matters except when the Supreme Court has original and exclusive jurisdiction \*\*\*. *Circuit Courts shall have such power to review administrative action as provided by law.*" (Emphasis added.) (Ill. Const. 1970, art. VI, sec. 9.) This court has held that when a court is in the exercise of special statutory jurisdiction, that jurisdiction is limited to the language of the act conferring it and the court has no powers from any other source. (*Central Illinois Public Service Co. v. Industrial Com.* (1920), 293 Ill. 62, 65-66.) In the exercise of special statutory jurisdiction, if the mode of procedure prescribed by statute is not strictly pursued, no jurisdiction is conferred on the circuit court. See *Demchuk v. Duplancich* (1982), 92 Ill. 2d 1, 6-7; *Avdich v. Kleinert* (1977), 69 Ill. 1, 6; *Fitzgerald v. Quinn* (1896), 165 Ill. 354, 360.

The Administrative Review Act was "an innovation and departure from the common law, [and] the procedures it establishes must be pursued \*\*\*." (*Winston v. Zoning Board of Appeals* (1950), 407 Ill. 588, 595.) Section 2 of the Act specifically provides that any other mode of review heretofore available shall not be employed. Section 2 also provides that unless review is sought of an administrative decision *within the time* and in the manner provided therein, the parties to the proceeding before the administrative agency shall be barred

from obtaining a judicial review. Ill. Rev. Stat. 1981, ch. 110, par. 265; now Ill. Rev. Stat. 1983, ch. 110, par. 3—102.

In the present case the circuit court was exercising special jurisdiction conferred upon it by the Administrative Review Act. The provisions of that act referred to above clearly demonstrate that the filing of the complaint for administrative review within the time period specified is a jurisdictional requirement and that judicial review of the administrative decision is barred if the complaint is not filed within the time specified.

This construction coincides with this court's previous statement regarding this 35-day limit in *Glasco Electric Co. v. Department of Revenue* (1981), 86 Ill. 2d 346. There, we noted that when the plaintiff "filed its complaint within 35 days after it received a copy of the Department's decision [citation] the circuit court *** was properly vested with jurisdiction to entertain the plaintiff's appeal ***." (86 Ill. 2d 346, 351.) The construction we have placed on the 35-day filing requirement also agrees with the construction given this provision by the appellate court. See *People ex rel. Olin Corp. v. Department of Labor* (1981), 95 Ill. App. 3d 1108, 1111; *Hoffman v. Department of Registration & Education* (1980), 87 Ill. App. 3d 920, 924; *Cartmell v. Department of Public Aid* (1976), 39 Ill. App. 3d 685, 686; *Varnes v. Lentz* (1975), 30 Ill. App. 3d 806, 810.

We must now determine whether Fredman Brothers' action was within the 35-day period. Fredman Brothers maintains the Department's "final assessment" was not a final decision until Fredman Brothers' request for rehearing was denied.

Two provisions regarding rehearings are set forth in section 1 of the Administrative Review Act. Where "a statute or a rule" of an administrative agency allows an application for rehearing only if it is filed "within a spec-

ified time (as distinguished from a statute which permits the application *** to be filed at any time before judgment *** against the applicant ***), and an application *** is made, no administrative decision *** shall be final *** until such rehearing *** is had or denied." (Ill. Rev. Stat. 1981, ch. 110, par. 264; now Ill. Rev. Stat. 1983, ch. 110, par. 3—101.) On the other hand, "if the particular statute permits an application for rehearing *** to be filed with the administrative agency for an indefinite period of time after the administrative decision has been rendered (such as permitting such application to be filed *at any time before judgment by the administrative agency* against the applicant ***), then the authorization for the filing of such application for rehearing *** *shall not postpone* the time when the administrative decision as to which such application shall be filed would otherwise become final, but the filing of the application for rehearing *** shall constitute the commencement of a new proceeding before such agency ***." (Emphasis added.) Ill. Rev. Stat. 1981, ch. 110, par. 264; now Ill. Rev. Stat. 1983, ch. 110, par. 3—101.

Fredman Brothers' application for rehearing was governed by section 4 of the Retailers' Occupation Tax Act (Ill. Rev. Stat. 1981, ch. 120, par. 443). In regard to an application for rehearing, the section provided that, "[a]fter the issuance of a final assessment, *** the Department, *at any time before such assessment is reduced to judgment*, may *** grant a rehearing *** upon the application of the person aggrieved." (Emphasis added.) Ill. Rev. Stat. 1981, ch. 120, par. 443.

The interaction of these statutes clearly indicates that the tax assessment levied against Fredman Brothers constituted a final administrative decision as soon as it was mailed. The provision for rehearing in section 4 of the Retailers' Occupation Tax Act (Ill. Rev. Stat. 1981, ch. 120, par. 443) falls squarely within the second provi-

sion of section 1 of the Administrative Review Act regarding rehearings (Ill. Rev. Stat. 1981, ch. 110, par. 264; now Ill. Rev. Stat. 1983, ch. 110, par. 3—101). Under this provision, Fredman Brothers' application for a rehearing was the commencement of a new proceeding before the Department. It did not postpone the time when the "final assessment" became a final administrative decision.

Fredman Brothers relies on *People v. Scudder Buick, Inc.* (1971), 47 Ill. 2d 388, to argue that the Department's "final assessment" was not a final administrative decision until Fredman Brothers' request for rehearing was denied. In *Scudder Buick* this court held that after an application for rehearing the Department's review of an assessment "would not become final for purposes of appeal under the Administrative Review Act until the rehearing was either had or denied. [Citation.]" (47 Ill. 2d 388, 392.) However, *Scudder Buick* dealt with an action for judicial review of a property tax assessment (47 Ill. 2d 388, 389), and the Department's rule involved expressly provided that an "application for rehearing shall *** be filed ***. within five (5) days ***." (47 Ill. 2d 388, 391-92.) Thus, the case fell within the first provision of section 1 of the Administrative Review Act regarding rehearings quoted above and not the second provision of section 1 which governs our case. (Ill. Rev. Stat. 1981, ch. 110, par. 264; now Ill. Rev. Stat. 1983, ch. 110, par. 3—101.) Therefore, the statement in *Scudder Buick* has no application in the present case.

Fredman Brothers also argues that this construction of the Administrative Review Act allows an aggrieved party to seek judicial review before he has exhausted his administrative remedies. Fredman Brothers points out several cases where this court required that a plaintiff exhaust such remedies before seeking judicial review. (See, *e.g., Graham v. Illinois Racing Board* (1979), 76

Ill. 2d 566; *Illinois Bell Telephone Co. v. Allphin* (1975), 60 Ill. 2d 350). However, this court has recognized an exception to this doctrine "where multiple remedies exist before the same administrative agency and at least one has been exhausted ***." (76 Ill. 2d 566, 573; see also *Illinois Bell Telephone Co. v. Allphin* (1975), 60 Ill. 2d 350, 358; *Herman v. Village of Hillside* (1958), 15 Ill. 2d 396, 407-08.) Here, Fredman Brothers' multiple remedies consisted of a hearing on its assessment before the Department and a new, separate proceeding consisting of its request for a rehearing before the Department. Fredman Brothers exhausted the first remedy; the Department could give no further relief in this proceeding. Fredman Brothers could also pursue a second remedy before this same agency by way of a rehearing. In the second part of section 1 of the Administrative Review Act quoted above it is specifically provided that the filing of an application on rehearing shall constitute the commencement of a new proceeding before the agency. Allowing judicial review without requiring Fredman Brothers to exhaust all of the multiple remedies did not violate the exhaustion doctrine.

In considering a similar argument, this court has previously recognized that section 1 of the Administrative Review Act (Ill. Rev. Stat. 1981, ch. 110, par. 264; now Ill. Rev. Stat. 1983, ch. 110, par. 3—101) "expresses the legislative purpose that judicial review is not to be barred by the power of an administrative agency to reconsider its decision after judicial review has been initiated." *Motorola, Inc. v. Illinois Fair Employment Practices Com.* (1966), 34 Ill. 2d 266, 272.

Fredman Brothers argues that the trial court erred in not granting a review on the merits as mandated by the appellate court's first opinion in this case. (110 Ill. App. 3d 479, 481.) Fredman Brothers contends that, by dismissing the action a second time, the circuit court did

not comply with the appellate court's mandate. We disagree.

When the appellate court reversed the circuit court of Peoria County and remanded the cause, it specified that Fredman Brothers "be granted a review ***." (110 Ill. App. 3d 479, 481.) The appellate court's reversal was conclusive only on the issue of whether the bond requirement of section 12 of the Retailers' Occupation Tax Act (Ill. Rev. Stat. 1981, ch. 120, par. 451) was applicable to Fredman Brothers' case. The question of the circuit court's subject matter jurisdiction, based upon the timely filing of a complaint for administrative review, was not involved in the case and was not raised until the case was remanded to the circuit court.

Subject matter jurisdiction gives the right to hear and determine causes. (*Sweitzer v. Industrial Com.* (1946), 394 Ill. 141, 148.) It has been held that lack of subject matter jurisdiction can be raised at any time, in any court, either directly or collaterally. (*City of Chicago v. Fair Employment Practices Com.* (1976), 65 Ill. 2d 108; *Jarrett v. Jarrett* (1953), 415 Ill. 126; *Dorr-Wood, Ltd. v. Department of Public Health* (1981), 99 Ill. App. 3d 170, 173.) Therefore the circuit court's consideration of the Department's motion raising the question of subject matter jurisdiction following remand from the appellate court was proper. Once the circuit court determined that it lacked subject matter jurisdiction, it had no right to hear the case, and it did not err in not expressly following the mandate of the appellate court.

For the reasons herein stated, the judgment of the appellate court is affirmed.

*Judgment affirmed.*