2020 IL App (1st) 191843-U

No. 1-19-1843

Order filed December 18, 2020

Fifth Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| MORRIS BROWN, III, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Cook County. |
| | ) | |
| v. | ) | |
| | ) | |
| DEPARTMENT OF EMPLOYMENT | ) | No. 19 L 50456 |
| SECURITY, DIRECTOR OF EMPLOYMENT | ) | |
| SECURITY, BOARD OF REVIEW, and SPRING | ) | |
| COMMUNICATIONS HOLDINGS, INC., AT&T | ) | |
| AUTHORIZED DEALER c/o EQUIFAX, | ) | Honorable |
| | ) | Michael F. Otto, |
| Defendants-Appellees. | ) | Judge, presiding. |

PRESIDING JUSTICE DELORT delivered the judgment of the court.
Justices Hoffman and Cunningham concurred in the judgment.

**ORDER**

¶ 1    *Held*:   The circuit court properly dismissed this case because plaintiff did not file his complaint for administrative review within 35 days of service of the decision he wished to challenge, as required by state law.

¶ 2    Plaintiff Morris Brown, III appeals *pro se* from an order of the circuit court dismissing his *pro se* complaint for administrative review of a decision of the Board of Review (Board) of

the Illinois Department of Employment Security (IDES). The circuit court dismissed his appeal from the IDES's decision that he was not eligible for benefits. On appeal, plaintiff contends that he was denied the opportunity to argue the merits of his case. We affirm.

¶ 3    The record on appeal does not contain a report of the underlying administrative proceeding. However, we can glean the following facts from the limited record on appeal, which includes defendant's *pro se* complaint for administrative review, the Board's decision, and the motion to dismiss.

¶ 4    The Board's decision stated, in relevant part, that plaintiff sought to appeal a November 6, 2017 referee's decision which affirmed a claims adjudicator's determination that he was not eligible for benefits. The Board noted that the "record disclose[d]" that the referee's decision was mailed to plaintiff's "then last known address" on November 6, 2017, and accompanying the decision was a notice setting forth the right to file an appeal within 30 days. Therefore, plaintiff's appeal was due on December 6, 2017. However, plaintiff did not file an appeal until February 26, 2019. The Board noted that jurisdiction to entertain appeals from a referee's decision was limited by section 801 of the Unemployment Insurance Act (820 ILCS 405/801 (West 2018)), which states that a referee's decision becomes final unless it is appealed to the Board within 30 days of the date of mailing. The Board concluded that it lacked jurisdiction because plaintiff did not file an appeal in a timely manner and dismissed the appeal.

¶ 5    The Board's decision further advised plaintiff of his appeal rights, stating that if he wished to appeal, he "must file a complaint for administrative review and have summons issue in [the] circuit court within 35 days" of the Board decision's May 14, 2019 mailing date.

¶ 6    On July 30, 2019, plaintiff filed a *pro se* complaint in the circuit court seeking review of the Board's decision. Attached to the complaint as an exhibit was the Board's decision.

¶ 7    On August 16, 2019, defendants IDES, Director of Employment Security, and the Board filed an appearance and a motion to dismiss pursuant to section 2-619(a)(5) of the Code of Civil Procedure (Code) (735 ILCS 5/2-619(a)(5) (West 2018)) alleging a lack of subject matter jurisdiction. The motion alleged that "[t]he last day on which Plaintiff might have filed a complaint for administrative review of said decision was June 18, 2019," yet, he did not file until July 30, 2019, which was 42 days after the statutory period for filing the complaint expired.

¶ 8    On September 10, 2019, after hearing argument on the motion, the court granted the motion and dismissed the complaint with prejudice. This appeal followed.

¶ 9    On appeal, plaintiff contends that he was denied the opportunity to argue the merits of his initial case. He further contends that equity requires that he not pay back unemployment benefits when he was paid those benefits without objection and it was only later determined that he was ineligible. He concludes that requiring him to repay $8500 would be unconscionable and place a hardship on his family, for which he is the sole provider.

¶ 10    As a preliminary matter, we note that our review of plaintiff's appeal is hindered by his failure to fully comply with Illinois Supreme Court Rule 341 (eff. Oct. 1, 2020), which "governs the form and content of appellate briefs." *McCann v. Dart*, 2015 IL App (1st) 141291, ¶ 12. Although plaintiff is a *pro se* litigant, this status does not lessen his burden on appeal. "In Illinois, parties choosing to represent themselves without a lawyer must comply with the same rules and are held to the same standards as licensed attorneys." *Holzrichter v. Yorath*, 2013 IL App (1st) 110287, ¶ 78. Rule 341(h) provides that an appellant's brief should contain a

statement of "the facts necessary to an understanding of the case, stated accurately and fairly without argument or comment, and with appropriate reference to the pages of the record on appeal" and an argument "which shall contain the contentions of the appellant and the reasons therefor, with citation of the authorities and the pages of the record relied on." Ill. S. Ct. R. 341(h)(6), (7) (eff. Oct. 1, 2020). Pursuant to the rule, a reviewing court is entitled to have issues clearly defined with "cohesive arguments" presented and pertinent authority cited. *Obert v. Saville*, 253 Ill. App. 3d 677, 682 (1993).

¶ 11    Here, although plaintiff used in part a form approved by the Illinois Supreme Court when filing his brief, plaintiff cites no pertinent legal authority on appeal, and his brief is a narrative of the case from his perspective. "Arguments that do not comply with Rule 341(h)(7) do not merit consideration on appeal and may be rejected by this court for that reason alone." *Wells Fargo Bank, N.A. v. Sanders*, 2015 IL App (1st) 141272, ¶ 43. Accordingly, to the extent that plaintiff's brief fails to comply with Supreme Court Rule 341(h)(7), his arguments are forfeited.

¶ 12    Considering the content of plaintiff's brief, it would be within our discretion to dismiss the appeal. See *Epstein v. Galuska*, 362 Ill. App. 3d 36, 42 (2005) ("Where an appellant's brief fails to comply with supreme court rules, this court has the inherent authority to dismiss the appeal."). However, because the issues in this case are simple, plaintiff made an effort to present his appeal by use of the approved form brief, and we have the benefit of a cogent  brief from the Attorney General on behalf of certain appelles (see *Twardowski v. Holiday Hospitality Franchising, Inc.*, 321 Ill. App. 3d 509, 511 (2001)), we choose not to dismiss the appeal on that ground. See *Harvey v. Carponelli*, 117 Ill. App. 3d 448, 451 (1983).

¶ 13    A motion to dismiss pursuant to section 2-619 of the Code admits the legal sufficiency of a complaint but asserts an affirmative defense or other matter that avoids or defeats the plaintiff's claim. *Twyman v. Department of Employment Security*, 2017 IL App (1st) 162367, ¶ 20. One ground for a section 2-619 motion to dismiss is that the action was not commenced within the time limited by law. See 735 ILCS 5/2-619(a)(5) (West 2018). We review the dismissal of a complaint pursuant to section 2-619 of the Code *de novo*. *Twyman*, 2017 IL App (1st) 162367, ¶ 20.

¶ 14    In Illinois, review of an administrative decision may only be obtained by compliance with the governing statute. *Ultsch v. Illinois Municipal Retirement Fund*, 226 Ill. 2d 169, 178 (2007). If statutory procedures are not strictly followed, the circuit court does not have jurisdiction to hear a case. *Rodriguez v. Sheriff's Merit Comm'n*, 218 Ill. 2d 342, 349-50 (2006).

¶ 15    Pursuant to section 3-103 of the Administrative Review Law, "[e]very action to review a final administrative decision shall be commenced by the filing of a complaint and the issuance of summons within 35 days from the date that a copy of the decision sought to be reviewed was served upon the party affected by the decision." 735 ILCS 5/3-103 (West 2018). The 35-day period begins to run upon the date that the decision was mailed. *Nudell v. Forest Preserve District of Cook County*, 207 Ill. 2d 409, 422-23 (2003). Section 1100 of the Unemployment Insurance Act provides that Board decisions are reviewed in accordance with the Administrative Review Law. 820 ILCS 405/1100 (West 2018).

¶ 16    The Board's decision advised plaintiff that, in order to appeal, he "must" (1) file a complaint for administrative review, and (2) "have summons issue in [the] circuit court." The decision also informed him that he "must" take these actions within 35 days from the decision's

mailing date of May 14, 2019, that is, June 18, 2019. However, plaintiff did not file his complaint for administrative review until July 30, 2019, beyond the 35-day filing period required by section 3-103 of the Administrative Review Law. See 735 ILCS 5/3-103 (West 2018).

¶ 17    Although plaintiff argues that his case has merit and invokes the law of equity, he makes no argument as to whether his complaint for administrative review was timely filed. The 35-day time limit required by the Administrative Review Law is an essential element of the statutory right to seek judicial review and therefore is a jurisdictional requirement that cannot be waived no matter how compelling the reasons. *Fredman Brothers Furniture Co. v. Department of Revenue*, 109 Ill. 2d 202, 210-11 (1985). Accordingly, because plaintiff did not file his complaint for administrative review within the required 35-day time limit, jurisdiction was not conferred upon the trial court and it properly dismissed plaintiff's complaint.

¶ 18    For the foregoing reasons, we affirm the judgment of the circuit court of Cook County.

¶ 19    Affirmed.