2022 IL App (1st) 201116-U
No. 1-20-1116
Order filed March 7, 2022

First Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| DIONNA REDMOND, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Cook County. |
| | ) | |
| v. | ) | |
| | ) | |
| THE DEPARTMENT OF EMPLOYMENT SECURITY, | ) | No. 20 L 50316 |
| an administrative agency of the State of Illinois; | ) | |
| DIRECTOR OF THE ILLINOIS DEPARTMENT OF | ) | |
| EMPLOYMENT SECURITY; BOARD OF REVIEW, an | ) | |
| administrative agency of the State of Illinois; and FEDEX | ) | |
| GROUND PACKAGE SYSTEM, INC., | ) | Honorable |
| | ) | Daniel P. Duffy, |
| Defendant-Appellee. | ) | Judge, presiding. |

PRESIDING JUSTICE HYMAN delivered the judgment of the court.
Justices Pucinski and Coghlan concurred in the judgment.

**ORDER**

¶ 1    *Held*: We affirm the circuit court's dismissal of plaintiff's untimely complaint for administrative review.

¶ 2    Plaintiff Dionna Redmond appeals *pro se* from an order of the circuit court dismissing for lack of jurisdiction her *pro se* complaint for administrative review of a decision of the Board of

Review of the Illinois Department of Employment Security (IDES). The Board had affirmed a referee's decision affirming a claims adjudicator's finding that Redmond was ineligible for unemployment benefits. The circuit court determined Redmond untimely filed her complaint for administrative review of the Board's decision.

¶ 3    On appeal, Redmond contends she was entitled to unemployment benefits and, through no fault of her own, she received the Board's decision late. We must affirm because the 35-day time limit for seeking administrative review applies because Redmond does not dispute that the Board mailed its decision to her at her last known address, and that she did not file her complaint until over six months later.

¶ 4                              Background

¶ 5    The record on appeal does not contain reports of the administrative or circuit court proceedings. The following facts are gleaned from the limited record on appeal, which includes the Board's decision, Redmond's *pro se* complaint for administrative review, and the defendants' motion to dismiss the complaint.

¶ 6    The Board's decision stated that Redmond filed a request for unemployment benefits from May 19, 2019, through May 25, 2019, but a claims adjudicator determined that Redmond was ineligible. (The Board's decision does not include the date Redmond filed for benefits or the date the adjudicator ruled on her claim.) On July 15, 2019, a referee affirmed that determination and the decision was mailed to Redmond's "then last known address" the same day. According to the Board, an accompanying notice advised that Redmond had 30 days, until August 14, 2019, to appeal the referee's decision to the Board. Redmond, however, "did not file an appeal until

09/05/2019." The Board therefore concluded it lacked jurisdiction to review the referee's decision because Redmond had not timely appealed and dismissed the appeal.

¶ 7    On November 4, 2019, the Board mailed its written decision dismissing the appeal to Redmond at an address on the 800 block of North Springfield Avenue, Chicago (Springfield address). The decision notified Redmond that, if she wanted to appeal the Board's decision, she "must file a complaint for administrative review and have summons issued in [the] circuit court within 35 days from the mailing date, 11/04/2019."

¶ 8    On July 20, 2020, Redmond filed a *pro se* complaint for administrative review of the Board's November 4, 2019, decision. Redmond listed the Springfield address on the complaint, the summons, and notice of motion. On August 19, 2020, the Board filed a motion to dismiss Redmond's complaint for lack of jurisdiction under section 2-619(a)(5) of the Code of Civil Procedure (735 ILCS 5/2-619 (West 2020)). The Board argued that it mailed a copy of its decision to Redmond at the Springfield address on November 4, 2019, and she failed to file her complaint in the circuit court within 35 days of the mailing as required by administrative review law.

¶ 9    On September 1, 2020, Redmond filed a motion "for response," arguing she was "unsuccessful in receiving [her] mail" at the Springfield address because "someone in the building is holding other people['s] mail and we get our mail extremely late." On October 15, 2020, following a hearing, the circuit court granted the Board's motion to dismiss.

¶ 10    Redmond now appeals the circuit court's dismissal of her complaint, arguing she was entitled to unemployment benefits. In her reply brief, she asserts "I didn't know my letter from IDES arrived on Springfield because I didn't get my mail until it was late." She knew her grandfather opened people's mail and threw it away, but she never thought her mail would be

"held back" because she never had "that problem until that letter from IDES came for [her]." She stated it was not her fault she did not receive her mail; she learned her lesson about not receiving her mail on time and had since obtained a post office box.

¶ 11   Redmond's reply brief is addressed to the Board's claim that the circuit court properly found it lacked jurisdiction because she filed the complaint late. We, thus, presume the reference in her reply to an IDES "letter" refers to the Board's November 4, 2019, written notice of its decision and not to an earlier written decision by the adjudicator or the referee.

¶ 12                                    Analysis

¶ 13   Initially, our review of Redmond's appeal is hindered by her failure to comply with Illinois Supreme Court Rule 341 (eff. Oct. 1, 2020), which "governs the form and content of appellate briefs." *McCann v. Dart*, 2015 IL App (1st) 141291, ¶ 12. Rule 341(h) provides that an appellant's brief should contain a statement of "the facts necessary to an understanding of the case, stated accurately and fairly without argument or comment, and with appropriate reference to the pages of the record on appeal," and an argument "which shall contain the contentions of the appellant and the reasons therefor, with citation of the authorities and the pages of the record relied on." Ill. S. Ct. R. 341(h)(6), (7) (eff. Oct. 1, 2020).

¶ 14   Redmond's status as a *pro se* litigant does not lessen her burden on appeal. Rather, *pro se* litigants "must comply with the same rules and are held to the same standards as licensed attorneys." *Holzrichter v. Yorath*, 2013 IL App (1st) 110287, ¶ 78. Redmond cites no pertinent legal authority." Although it would be within our discretion to dismiss the appeal, we have the benefit of a cogent appellee's brief. See *Twardowski v. Holiday Hospitality Franchising, Inc.*, 321 Ill. App. 3d 509, 511 (2001). Accordingly, we now turn to the merits of the appeal.

¶ 15    A motion to dismiss under section 2-619 of the Code of Civil Procedure (735 ILCS 5/2-619 (West 2020)) admits the legal sufficiency of a complaint "but asserts an affirmative defense or other matter that avoids or defeats the plaintiff's claim." (Internal quotation marks omitted.) *Twyman v. Department of Employment Security*, 2017 IL App (1st) 162367, ¶ 20. Relevant to this appeal, a defendant may file a section 2-619 motion to dismiss when "the action was not commenced within the time limited by law." 735 ILCS 5/2-619(a)(5) (West 2020). We review the dismissal of a complaint pursuant to section 2-619 of the Code *de novo* (meaning "anew" or "afresh"). *Twyman*, 2017 IL App (1st) 162367, ¶ 20.

¶ 16    In Illinois, review of an administrative decision may be obtained "only as provided by statute." *Ultsch v. Illinois Municipal Retirement Fund*, 226 Ill. 2d 169, 178 (2007). Where statutory procedures are not strictly followed, the circuit court is without jurisdiction to hear a case. *Rodriguez v. Sheriff's Merit Comm'n of Kane County*, 218 Ill. 2d 342, 350 (2006).

¶ 17    Section 1100 of the Unemployment Insurance Act (820 ILCS 405/1100 (West 2018)) provides that Board decisions are reviewed in accordance with the Administrative Review Law. The Administrative Review Law mandates that parties may only obtain judicial review of an agency's decision "within the time and in the manner" provided by the statute. 735 ILCS 5/3-102 (West 2018). Section 3-103 of the Administrative Review Law states, "[e]very action to review a final administrative decision shall be commenced by the filing of a complaint and the issuance of summons within 35 days from the date that a copy of the decision sought to be reviewed was served upon the party affected by the decision at his or her last known residence or place of business." 735 ILCS 5/3-103 (West 2018). The 35-day period begins on the date that the decision was mailed. *Nudell v. Forest Preserve District of Cook County*, 207 Ill. 2d 409, 424 (2003).

¶ 18    Here, it is undisputed that the Board mailed its decision to Redmond at the Springfield address on November 4, 2019. It is also undisputed that Redmond received mail at the Springfield address, listed that address as her address in her complaint for administrative review from the Board's decision, and filed her complaint in the circuit court on July 20, 2020.

¶ 19    The Board's decision advised Redmond that to appeal, she **"**must file a complaint for administrative review and have summons issued in [the] circuit court within 35 days from the mailing date, 11/04/2019." But, Redmond did not file her complaint for administrative review of the Board's decision until July 20, 2020, well beyond the 35-day filing period required by section 3-103 of the Administrative Review Law. See 735 ILCS 5/3-103 (West 2018)). Thus, the circuit court had no jurisdiction to consider the untimely complaint. *Fredman Brothers Furniture Co., Inc.*, *v. Department of Revenue*, 109 Ill. 2d 202, 210-11 (1985).

¶ 20    Although Redmond argues that, through no fault of her own, she received the decision late, the 35-day time limit for seeking administrative review is a requirement that cannot be waived (meaning "set aside.") *Id*. Even though someone may have interfered with her receipt of the decision, we cannot alter the legal requirements; Redmond filed her complaint for administrative review outside the required 35-day time limit and so the circuit court lacked jurisdiction to review the administrative decision and properly dismissed the complaint.

¶ 21    Affirmed.