NO. 5-98-0766

August 4, 1999

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

________________________________________________________________________

DAVID M. PETTY, )  Appeal from the 

)  Circuit Court of

     Plaintiff-Appellant, )  Union County.

)

v. )  No. 98-L-21

)

GEORGE D. CROWELL and THE CITY OF ANNA, )  Honorable 

)  D.D. Bigler,

     Defendants-Appellees. )  Judge, presiding. 

________________________________________________________________________

JUSTICE KUEHN delivered the opinion of the court:

We are confronted with a single dispositive issue in this case:  Whether section 5-5-7 of the Unified Code of Corrections (Corrections Code) (730 ILCS 5/5-5-7 (West 1994)) immunizes a municipality and its employee from liability for a court-ordered community service participant's injuries resulting from that employee's negligence.  Specifically, plaintiff, David M. Petty, appeals the Union County Circuit Court's dismissal of his claim against defendants, the City of Anna and George D. Crowell.  We affirm.

On July 8, 1998, plaintiff filed this negligence action seeking damages for injuries he sustained when he was struck by a City of Anna pickup truck driven by its employee, George Crowell.  In particular, as a violation of the Illinois Rules of the Road (625 ILCS 5/11-100 
et seq.
 (West 1996)) is 
prima facie
 evidence of negligence (see 
Wallace v. Weinrich
, 87 Ill. App. 3d 868, 876, 409 N.E.2d 336, 343 (1980)), plaintiff's complaint alleged the following acts or omissions of negligence:  the failure to exercise a proper lookout for others while backing a vehicle (see 625 ILCS 5/11-1402(a) (West 1996)), the operation of a vehicle at a speed too fast for conditions (see 625 ILCS 5/11-601(a) (West 1996)), and the failure to exercise due care to avoid colliding with a pedestrian (see 625 ILCS 5/11-1003.1 (West 1996)).

On August 20, 1998, defendants filed a dismissal motion under section 2-619 of the Code of Civil Procedure (735 ILCS 5/2-619 (West 1996)), arguing that both were immune from liability for plaintiff's injuries, pursuant to section 5-5-7 of the Corrections Code, because plaintiff was allegedly injured while performing court-ordered community service.  On November 23, 1998, the circuit court granted defendants' motion.  Plaintiff now appeals.

The purpose of a section 2-619 motion to dismiss "is to afford litigants a means to dispose of issues of law and easily proved issues of fact at the outset of a case, reserving disputed questions of fact for a jury trial."  
Zedella v. Gibson
, 165 Ill. 2d 181, 185, 650 N.E.2d 1000, 1002 (1995).  Section 2-619(a)(9) permits dismissal when "the claim asserted *** is barred by other affirmative matter avoiding the legal effect of or defeating the claim."  735 ILCS 5/2-619(a)(9) (West 1996).  "Immunity from suit is an 'affirmative matter' properly raised under section 2-619(a)(9)."  
Epstein v. Chicago Board of Education
, 178 Ill. 2d 370, 383, 687 N.E.2d 1042, 1049 (1997).  In addressing a section 2-619 motion, a court takes all well-pleaded facts in the complaint as true, and only the complaint's legal sufficiency is contested.  See 
Zimmerman v. Fasco Mills Co.
, 302 Ill. App. 3d 308, 311, 704 N.E.2d 949, 951-52 (1998).  We review the granting of a section 2-619 motion 
de novo
.  See 
Epstein
, 178 Ill. 2d at 383, 687 N.E.2d at 1049.

The plain language of section 5-5-7 of the Corrections Code clearly provides a municipality and its employee immunity from liability for injuries caused or sustained by court-ordered community service participants, absent allegations of wilful, wanton misconduct or gross negligence:

"Neither the State [or] any local government, probation department, [or] public or community service program or site[] nor any official or employee thereof acting in the course of their official duties shall be liable for any injury or loss a person might receive while performing public or community service as ordered by the court, nor shall they be liable for any tortious acts of any person performing public or community service, except for wilful, wanton misconduct or gross negligence on the part of such governmental unit, official[,] or employee."  730 ILCS 5/5-5-7 (West 1996).
(footnote: 1)
Pointing to our decision in 
Bradshaw v. City of Metropolis
, 293 Ill. App. 3d 389, 688 N.E.2d 332 (1997), plaintiff nevertheless claims that the dismissal was improper.  Specifically, noting the conflict between section 5-5-7 of the Corrections Code and the duties imposed by sections11-1402, 11-601(a), and 11-1003.1 of the Illinois Vehicle Code (Vehicle Code) (625 ILCS 5/11-1402, 11-601(a), 11-1003.1 (West 1996)), plaintiff argues that those Vehicle Code provisions must control because each is more specific to this case than section 5-5-7.  We disagree.

Bradshaw
 is readily distinguishable from the facts before us.  That case arose from an automobile collision allegedly caused by a police officer's negligence while answering an emergency call.  
Bradshaw
, 293 Ill. App. 3d at 391-92, 688 N.E.2d at 332-33.  The trial court granted summary judgment in the defendant's favor based upon the Local Governmental and Governmental Employees Tort Immunity Act (Tort Immunity Act), sections 2-109 and 2-202 (745 ILCS 10/2-109, 2-202 (West 1992)).  See 
Bradshaw
, 293 Ill. App. 3d at 391, 688 N.E.2d at 333.  On appeal, the plaintiff maintained that section 11-205 of the Vehicle Code (625 ILCS 5/11-205 (West 1992)) pertaining to drivers of authorized emergency vehicles governed the case.  See 
Bradshaw
, 293 Ill. App. 3d at 391, 688 N.E.2d at 333.  Recognizing that a particular statutory provision relating to only one subject must prevail over another general provision designed to apply to cases generally, we observed the difference between the relevant statutes:

"The provisions of the [Tort Immunity] Act are general and deal with many general potential liabilities of a public entity for the negligent acts or omissions of its employees.  [Citation.]  The provisions of the [Vehicle] Code specifically exempt police officers and other drivers of authorized emergency vehicles from particular traffic laws when responding to an emergency call, while they require the driver of an authorized emergency vehicle 'to drive with due regard for the safety of all persons using the highway.'"  
Bradshaw
, 293 Ill. App. 3d at 393, 688 N.E.2d at 334.

Thus, we held that the more specific provisions of Vehicle Code sections 11-205 and 11-907 (625 ILCS 5/11-205, 11-907 (West 1992)) controlled that case over the general sections of the Tort Immunity Act, and we reversed.  
Bradshaw
, 293 Ill. App. 3d at 395, 688 N.E.2d at 335.

Unlike 
Bradshaw
, this case does not involve the
 
general immunity provided under the Tort Immunity Act, nor does it concern Vehicle Code sections affecting a limited class of drivers.  Rather, this appeal compares a 
specific
 grant of immunity under the Corrections Code, pertaining only to the liability of certain entities and employees for negligent injury or loss caused or sustained by court-ordered community service participants, and Vehicle Code provisions that apply 
generally
 to all drivers.  Hence, we conclude that section 5-5-7 of the Corrections Code more specifically applies to the facts now before us, instead of the general Vehicle Code provisions upon which plaintiff's complaint is based.  

Plaintiff further cites 
Carter v. Du Page County Sheriff
, 304 Ill. App. 3d 443, 710 N.E.2d 1263, 1267 (1999), a decision that refused to follow 
Bradshaw
.  Instead, the 
Carter
 court held that a dismissal was precluded by questions of fact concerning whether the defendant police officer's conduct constituted the "execution or enforcement of any law," as required for immunity under section 2-202 of the Tort Immunity Act (745 ILCS 10/2-202 (West 1996)).  
Carter
,  304 Ill. App. 3d 443, 710 N.E.2d at 1270.  In the present case, it is undisputed that Crowell's alleged negligent conduct occurred while operating a vehicle within the scope of his official city duties, as required for immunity under section 5-5-7 of the Corrections Code.  Therefore, 
Carter
 is inapposite.

Similarly misplaced is plaintiff's reliance on 
Currie v. Lao
, 148 Ill. 2d 151, 592 N.E.2d 977 (1992).  Plaintiff urges that 
Currie
 "provides that the Defendants *** are not immune from suit for negligence resulting in the injury to the plaintiff pursuant to [section 5-5-7]."  Our supreme court addressed two issues in that case:  (1) whether the claim against a State employee was truly a claim against the State such that exclusive subject matter jurisdiction rested in the Court of Claims and (2) whether the common law doctrine of public official's immunity barred that claim.  Conspicuously absent from the issues raised in that appeal was the applicability of any form of statutory immunity relevant to the instant case.   The applicable law remains that, without allegations of wilful, wanton misconduct or gross negligence, section 5-5-7 of the Corrections Code provides a municipality and its employee immunity from liability for injuries caused or sustained by court-ordered community service participants.  Clearly, that section bars plaintiff's negligence claim.  Therefore, the circuit court properly dismissed this case pursuant to section 2-619(a)(9) of the Code of Civil Procedure.

Accordingly, the judgment of the Union County Circuit Court is affirmed.

Affirmed.

WELCH and CHAPMAN, JJ., concur.

FOOTNOTES
1:
We note that this section was amended by Public Act 89-7 (Pub. Act 89-7, eff. March 9, 1995 (amending 730 ILCS 5/5-5-7 (West 1992))).  However, because our supreme court declared that legislation unconstitutional in its entirety (
Best v. Taylor Machine Works
, 179 Ill. 2d 367, 689 N.E.2d 1057 (1997)), we must apply the original version of this section to this case.