No. 3--00--0460

_________________________________________________________________

IN THE APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

A.D., 2001

JOHN DENAULT and MEGAN ) Appeal from the Circuit Court

DENAULT, ) for the 21st Judicial Circuit,

Plaintiffs-Appellants, ) Kankakee County, Illinois

) 

v. ) No. 99--LM--1048

) 

EUGENE COTE and FRANCIS ) Honorable

COTE, ) Duane J. O’Connor

Defendants-Appellees. ) Judge, Presiding

_________________________________________________________________

JUSTICE BRESLIN delivered the opinion of the court:

_________________________________________________________________

Plaintiffs John and Megan Denault filed an action against defendants Eugene and Francis Cote, claiming they violated the Illinois Residential Real Property Disclosure Act (Disclosure Act) (765 ILCS 77/1 
et
 
seq.
 (West 1998)).  The trial court dismissed the action as untimely.  When the plaintiffs filed a second action based on fraud in the same real estate transaction as the first case, the court dismissed the Denaults’ second action on the basis of 
res
 
judicata
.
  We affirm this decision and hold that the limitations period encompassed within section 60 of the Disclosure Act is not a limitations period that is jurisdictional, such that a trial court does not lack jurisdiction simply because an action is not timely filed under the Disclosure Act.  Accordingly, the trial court’s dismissal of the Denaults’ first complaint was an adjudication upon the merits, and the court properly dismissed the Denaults’ second complaint for fraud on the basis of 
res
 
judicata
.

FACTS

The Cotes were the owners of a home located at 3116 Old Waldron Road, Kankakee, Illinois.  On November 14, 1997, the Cotes and the Denaults entered into a real estate purchase contract.  Included with the contract was a
 residential real property disclosure report signed by the parties.  The report indicated that the Cotes were not aware of any defects in the home’s foundation.  The Denaults purchased the home one month later. 

In July of 1998, the Denaults discovered large cracks in the  home’s foundation and noticed that the basement wall bulged inward approximately eight inches.  Water also accumulated in the basement, destroying various personal belongings.  The cost of repair was estimated at $15,775.

In February of 1999, the Denaults filed an action against the Cotes claiming that they violated the Disclosure Act.  
The Cotes filed a motion to dismiss based on the Denaults’ failure to file their action within the one year provided by the Disclosure Act.  The motion was uncontested and granted by the court. 

Ten months later, the Denaults filed this action for fraud, claiming the Cotes concealed the damage to the structure and misrepresented the 
condition of the premises.  The trial court granted the Cotes’ motion to dismiss pursuant to section 2-619 of the Code of Civil Procedure (Code) (735 ILCS 5/2-619 (1998)), determining that the Denaults’ second action was the same as their first and thus was
 barred by the doctrine of 
res
 
judicata
.  The Denaults appealed.

ANALYSIS

On appeal, the Denaults
 claim that the trial court did not have subject matter jurisdiction when it dismissed the first action because jurisdiction existed only during the prescribed period set forth under the Disclosure Act.  
As their first action was filed after the prescribed period, the court’s dismissal was, in essence, a dismissal for lack of jurisdiction.  
Because Supreme Court Rule 273 (134 Ill. 2d R. 273 (1990)) specifically provides that an involuntary dismissal for lack of jurisdiction is not an adjudication on the merits, the first action was not dismissed on the merits and the trial court erred when it applied 
res
 
judicata
 to preclude the second action.

This court reviews the granting of a section 2-619 motion 
de
 
novo
.  
See 
Petty v. Crowell
, 306 Ill. App. 3d 774, 715 N.E.2d 317 (1999).

In addressing the Denaults’ theory, we must determine whether the limitations period found in the Disclosure Act conferred subject matter jurisdiction upon the trial court.

In 
Fredman Brothers Furniture Co. v. Department of Revenue
, 109 Ill. 2d 202, 486 N.E.2d 893 (1985),
 our supreme court addressed the difference between statutes of limitations and statutes that both confer jurisdiction on a court and fix the time within which such jurisdiction may be exercised.
  
It determined that statutes of limitations are procedural in nature, are not designed to alter substantive rights, and only fix the time within which a remedy may be obtained
.  
Fredman Brothers
, 109 Ill. 2d at 209, 486 N.E.2d at 895 (1985).
  Conversely, 
limitations periods can be jurisdictional if
 time is an inherent element of the rights created
 and the
 statutes create substantive rights unknown to the common law
.
  
Fredman Brothers
, 109 Ill.2d at 209, 486 N.E.2d at 895 (1985).
  
For limitations periods that are jurisdictional, time is a condition precedent to the plaintiff’s right to seek a remedy, and time is a condition of the liability itself, not the remedy alone.  
Fredman Brothers
, 109 Ill. 2d at 209, 486 N.E.2d at 895 (1985).

S
ection 60 of the Disclosure Act states that "[n]o action for violation of this Act may be commenced later than one year from the earlier of the date of possession, date of occupancy, or date of recording of an instrument of conveyance of the residential real property."  765 ILCS 77/60 (West 1998).
  
  

Upon review of the precise language of section 60, we determine 
that this provision has more in common with statutes of limitations than statutes that confer jurisdiction.  
As written, this provision fixes the time within which claimants may obtain relief under the Disclosure Act.  Nowhere, however, does the provision make time a condition precedent to the Denaults’ right to seek a remedy or a condition of the Cotes’ liability.
  Nor does the language provide that if relief is not sought within the time and in the manner provided, the Denaults are completely deprived of their right to seek a remedy.  See 
People v. Wright
,  189 Ill. 2d 1, 723 N.E.2d 230 (1999) (determining that section 122-1 of the Post-Conviction Hearing Act (725 ILCS 5/122-1 (West 1994)) acts as a statute of limitations because time is not an integral part of the remedy).

Moreover, the Denaults fail to show that section 60 creates 
any new substantive rights unknown to the common law.  
As the
 Denaults could have sued, and did sue, under alternative theories of recovery such as fraud and negligent misrepresentation, no new substantive rights were created by the Disclosure Act.
  See 
King v. Ashbrook
, 313 Ill. App. 3d 1040, 732 N.E.2d 621 (2000) (determining that the Disclosure Act does not limit or change a purchaser’s common-law remedies
).
  Consequently, we find that the involuntary dismissal of the Denaults’ complaint was not for want of jurisdiction and, as such, the dismissal was an adjudication on the merits.

The Denaults argue that there is no similarity in time and nature between the acts alleged 
in each of their lawsuits, thereby prohibiting the application of
 
res
 
judicata
.
  While the sole basis of liability in the Disclosure Act action is the Cotes’ failure to disclose their knowledge of a material defect, the fraud case arises from the "concealment of damage" which happened years prior to the sale of the house and the signing of the disclosure form. 

For the doctrine of 
res
 
judicata
 to apply, there must be an identity between the causes of action.  
River Park, Inc. v. The City of Highland Park
, 184 Ill. 2d 290, 703 N.E.2d 883 (1998).
  In determining that there is an identity between causes of action, Illinois follows the transactional test, which provides that the assertion of different kinds or theories of relief constitutes a single cause of action if a single group of operative facts gives rise to the assertion of relief.  
River Park
, 184 Ill. 2d at 307, 703 N.E.2d at 891. 

Although the Denaults claim that there was a separation in time and nature 
between the facts alleged in each cause of action, 
it is clear that the same facts give rise to both actions.
  The Cotes and the Denaults entered into a real estate purchase contract.  Attached to the contract was a residential real property disclosure report stating the Cotes were not aware that the house had any defects.  Six months later, the Denaults discovered defects in the foundation.  They subsequently received a repair estimate and filed suit to recover that amount.

Based on these facts,
 we fail to see any "separation in time or nature" between the alleged acts in each case.  Nor do we see any substantial difference between the facts alleged in each of the Denault’s complaints as they are virtually identical as written.  
Accordingly, 
the court’s application of 
res
 
judicata
 was proper.

Finally, the Denaults argue that even if this court decides that the doctrine of 
res
 
judicata
 is applicable, it should not be applied because a grave injustice would occur.

While the strict application of the doctrine of 
res
 
judicata
 may be relaxed "where fundamental fairness so requires" (
People v. Somerville
, 42 Ill. 2d 1, 4, 241 N.E.2d 461 (1969)), it appears from the record that the Denaults never raised this issue before the trial court.  Moreover, the Denaults present no reason as to why this court should "relax" its application of the doctrine or why fairness so requires.
  Therefore, the trial court’s order is affirmed.

For the foregoing reasons, the judgment of the circuit court of Kankakee County is affirmed.

Affirmed.

McDADE and SLATER, JJ., concur.