HELEN WEBB, Plaintiff-Appellant, v. THE COUNTY OF COOK *et al.*, Defendants-Appellees.

First District (4th Division)   No. 1—94—0908

Opinion filed September 21, 1995.

Law Offices of Jordan B. Rifis, P.C., of Oak Park (Jordan B. Rifis, Cheryl D. Chamberlain, and Douglas A. Coburn, of counsel), for appellant.

Jack O'Malley, State's Attorney, of Chicago (Karen A. Covey, John J. Murphy, and Ina R. Silvergleid, Assistant State's Attorneys, of counsel), for appellees.

JUSTICE S. O'BRIEN delivered the opinion of the court:

Plaintiff, Helen Webb, appeals from the February 4, 1994, order of the trial court granting defendants' motion for summary judgment on her complaint alleging retaliatory failure to rehire or recall in violation of the Illinois Workers' Compensation Act (the Act) (Ill. Rev. Stat. 1991, ch. 48, par. 138.1 *et seq.* (now 820 ILCS 305/1 *et seq.* (West 1994))). We affirm.

The following facts are undisputed. Plaintiff, a regular employee of the county treasurer's office, sustained a work-related injury on March 19, 1990. She was placed on an approved disability leave and began receiving workers' compensation benefits. On September 11,

1990, after some confusion regarding her ability and willingness to return to work, plaintiff was dismissed. Following her dismissal, plaintiff made several written and oral requests to be reinstated to her former position. Defendants refused to rehire plaintiff.

On October 24, 1991, plaintiff filed a complaint against her employer and Cook County for retaliatory discharge under section 4(h) of the Illinois Workers' Compensation Act. (Ill. Rev. Stat. 1991, ch. 48, par. 138.4(h) (now 820 ILCS 305/4(h) (West 1994)).) The original complaint was dismissed as barred by the one-year statute of limitations in the Local Governmental and Governmental Employees Tort Immunity Act (Ill. Rev. Stat. 1991, ch. 85, par. 8—101 (now 745 ILCS 10/8—101 (West 1994))). Plaintiff then amended her complaint three times. Count I of the third amended complaint alleged retaliatory failure to rehire or recall. Count II alleged breach of an employment contract. Defendants filed a section 2—615 motion to dismiss on both counts. (Ill. Rev. Stat. 1991, ch. 110, par. 2—615 (now 735 ILCS 5/2—615 (West 1994)).) The trial court denied defendants' motion as to count I and granted it as to count II. Defendants thereafter filed a motion for summary judgment as to count I. The trial court granted the motion and this appeal followed.

Summary judgment is proper where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. (Ill. Rev. Stat. 1991, ch. 110, par. 2—1105(c) (now 735 ILCS 5/2—1005(c) (West 1994)).) On appeal, plaintiff argues that summary judgment was improper because the reason for her termination is in dispute and relevant to a determination of whether her employer's refusal to rehire or recall violated the Act. Defendants counter that they were entitled to summary judgment as a matter of law because plaintiff cannot state a cause of action for retaliatory failure to rehire or recall under section 4(h) (now 820 ILCS 305/4(h) (West 1994)) of the Act. Because we find proper construction of section 4(h) to be dispositive of the case, we address the latter issue first.

The relevant portion of section 4(h) provides:

"It shall be unlawful for any employer *** to discharge or to threaten to discharge, or to refuse to rehire or recall *** an employee because of the exercise of his or her rights or remedies granted to him or her by this Act." (Ill. Rev. Stat. 1991, ch. 48, par. 138.4(h) (now 820 ILCS 305/4(h) (West 1994)).)

We find implicit in this statute a threshold requirement that a claim for retaliatory failure to rehire or recall be based upon the reasonable expectation of the employee that he or she will be permitted to return. This view is supported by *Motsch v. Pine Roofing Co.* (1988), 178 Ill. App. 3d 169, 533 N.E.2d 1.

In *Motsch*, a roofer brought action against his seasonal employer under the "refuse to rehire or recall" clause of section 4(h). At trial, plaintiff introduced evidence that defendant had never complained about his performance but had previously made him a foreman. In light of the foregoing evidence, the *Motsch* court held the clause applicable to industries that seasonally terminate and rehire employees. (178 Ill. App. 3d at 175, 533 N.E.2d at 5.) Thus justified, the *Motsch* holding provides tacit support for a threshold requirement that a claim for retaliatory failure to rehire or recall be based upon the reasonable expectation of rehire or recall. Defendant would therefore be entitled to summary judgment if plaintiff could not establish this element of the cause of action. *Pyne v. Witmer* (1989), 129 Ill. 2d 351, 358, 543 N.E.2d 1304, 1307.

■ An employee who has been fired generally can have no reasonable expectation of rehire because courts will not compel an employer to reinstate a discharged employee absent a statutory requirement of reinstatement. (See *Hess v. Clarcor, Inc.* (1992), 237 Ill. App. 3d 434, 452, 603 N.E.2d 1262, 1274-75.) The reason for this is twofold. First, courts are not well suited to enforce a continuing relationship between parties who have become hostile to one another. (*Kurle v. Evangelical Hospital Association* (1980), 89 Ill. App. 3d 45, 54, 411 N.E.2d 326, 332-33.) And, second, money damages are ordinarily adequate compensation for the loss of employment, even given the possible attendant stigma or difficulties in finding new work. *Sampson v. Murray* (1974), 415 U.S. 61, 92 n.68, 39 L. Ed. 2d 166, 187-88 n.68, 94 S. Ct. 936, 953 n.68.

■ The Illinois Workers' Compensation Act contains no requirement of rehire, but merely creates a cause of action for which money damages would ordinarily be adequate compensation. Absent an independent statutory basis for an expectation of rehire, therefore, an employee who is fired in violation of the Workers' Compensation Act cannot establish the threshold requirement of a retaliatory-refusal-to-rehire claim. Accordingly, the date of firing is a flashpoint after which a former employee may generally only state a cause of action for retaliatory discharge. In this context, an employee shall be deemed fired when, in the course of regular or seasonal employment, the employer takes affirmative action to terminate the employer-employee relationship. Course of employment includes periods of approved leaves of absence such as for disability.

Where, however, a regular employee has been granted a leave, the employer's approval of his or her temporary absence is *prima facie* evidence of that employee's reasonable expectation of recall. Accordingly, if at the end of the leave period the employer fails to recall

the employee, he or she may state a cause of action for retaliatory failure to recall.

Similarly, a seasonal employee who has not been rehired after an off-season lull has a cause of action for retaliatory failure to rehire, but only if it can be shown that the employee had a reasonable expectation of rehire. The *Motsch* holding suggests, and because Illinois is an at-will employment State we agree, that such expectation must arise from industry practice and the particular employer's actions towards the employee, not upon the quality of the employee's work.

■ Section 4(h) of the Act (Ill. Rev. Stat. 1991, ch. 48, par. 138.4(h) (now 820 ILCS 305/4(h) (West 1994))) thus enumerates three alternative causes of action applicable to distinct fact situations. An employee, whether regular or seasonal, who has been fired by his or her employer may generally only sue for retaliatory discharge. We distinguish the foregoing cause of action from those available where the employee has not, in fact, been fired. Where the employee has not been fired, a seasonal employee may only sue for retaliatory failure to rehire, and a regular employee on leave or temporary layoff may only sue for retaliatory failure to recall. Within the context of the Act, therefore, the terms "rehire" and "recall" should not be used interchangeably.

■ The foregoing construction effects the legislative purpose of section 4(h) to prevent employees, whether regular or seasonal, from having to choose between their jobs and exercising their rights under the Act. (*Kelsay v. Motorola, Inc.* (1978), 74 Ill. 2d 172, 384 N.E.2d 353; *Motsch v. Pine Roofing Co.* (1989), 178 Ill. App. 3d 169, 172, 533 N.E.2d 1, 5.) Moreover, construction in the alternative is supported by the legislature's use of the disjunctive "or" between the causes of action listed in the statute. Section 4(h) of the Act expressly provides that an employer cannot "discharge *or* *** threaten to discharge, *or* refuse to rehire *or* recall" an employee who has filed a claim pursuant to the Act. (Emphasis added.) (Ill. Rev. Stat. 1991, ch. 48, par. 138.4(h) (now 820 ILCS 305/4(h) (West 1994)).) The choice of the disjunctive term "or" gives rise to the reasonable inference that the Illinois legislature intended that the actions be viewed in the alternative and not as disparate and cumulative causes of action. See 1A N. Singer, Sutherland on Statutory Construction § 21.14 (5th ed. 1993).

■ Finally, construction in the alternative alleviates any confusion regarding when the applicable statute of limitations period begins to run. For retaliatory discharge, it begins on the date of firing. For retaliatory failure to recall, it begins on the date the employee could reasonably have been recalled. And for retaliatory fail-

ure to rehire, it begins on the first date other seasonal employees doing the same or similar work were hired or rehired by the employer in question. Under this approach, a disgruntled former employee cannot extend the applicable limitations period indefinitely by making repeated requests for rehire or recall and then claiming the employer's refusal constitutes an ongoing tort for which the statute of limitations begins to run only on the date of the last event.

■ While she was on disability leave, plaintiff's employer sent her a notice of dismissal. This action terminated the employer-employee relationship as of September 11, 1990. Due to her discharge, plaintiff cannot establish the reasonable-expectation-of-rehire element of the retaliatory-refusal-to-rehire cause of action created by section 4(h) of the Illinois Workers' Compensation Act. Defendants are therefore entitled to summary judgment as a matter of law. *Pyne v. Witmer* (1989), 129 Ill. 2d 351, 358, 543 N.E.2d 1304, 1307.

In so holding, we find plaintiff's argument against summary judgment to be moot. The reason for plaintiff's termination is an issue of material fact only if she can state a cause of action under the Act. Her retaliatory discharge claim lapsed pursuant to a one-year statute of limitations and plaintiff has no claim for retaliatory refusal to rehire or recall. Accordingly, issues such as the quality of plaintiff's work, her ability and willingness to return to duty, and defendant's reason for terminating her employment were immaterial and not a proper basis upon which to deny summary judgment.

For the foregoing reasons, the grant of summary judgment on count I of plaintiff's third amended complaint is affirmed.

Affirmed.

HOFFMAN, P.J., and CAHILL, J., concur.