ROSANNE KLINKNER, Plaintiff-Appellant, v. THE COUNTY OF DU PAGE, Defendant-Appellee.

Second District   No. 2—01—0141

Opinion filed May 31, 2002.

David Krane and Richard A. Lowell, both of Krane & Lowell, of Lisle, for appellant.

Joseph E. Birkett, State's Attorney, of Wheaton (Margaret M. Healy and Paul F. Bruckner, Assistant State's Attorneys, of counsel), for appellee.

JUSTICE BYRNE delivered the opinion of the court:

Plaintiff, Rosanne Klinkner, appeals the judgment of the circuit court of Du Page County granting defendant's motion to dismiss her complaint alleging retaliatory failure to rehire in violation of the Illinois Workers' Compensation Act (Act) (820 ILCS 305/1 *et seq.* (West 2000)). We affirm.

The following facts are undisputed. Plaintiff was employed by defendant as an at-will employee in the position of certified nursing assistant at the Du Page County Convalescent Center. On April 4, 1999, a certified nursing assistant reported that plaintiff had slapped a resident, which plaintiff denied. On April 7, 1999, plaintiff was terminated by defendant for violating county rules by striking the resident.

In May 1999, defendant reported the incident to the Illinois

Department of Public Health (Department), and a decertification action was brought by the Department against plaintiff. The Department subsequently dismissed the decertification action.

Following the dismissal of the decertification action, plaintiff made demands to defendant to be reinstated to her former position. Defendant refused to rehire plaintiff. It explained to plaintiff that, once personnel are advised of allegations of patient abuse, it is required to report the incident for investigation. It was defendant's understanding that the employee who reported the incident may have changed her testimony, but the only official account was the testimony the employee gave at the time plaintiff was terminated. Defendant further explained that, because plaintiff did not pursue her administrative remedies following her termination, the action of termination became permanent and irrevocable.

Thereafter, on August 28, 2000, plaintiff filed a three-count complaint against defendant, alleging, in essence, wrongful termination, retaliatory discharge, and retaliatory failure to rehire. Defendant filed a motion to dismiss under section 2—619 of the Code of Civil Procedure (735 ILCS 5/2—619 (West 2000)).

The trial court granted defendant's section 2—619 motion to dismiss. The trial court held that plaintiff's alleged claims regarding wrongful termination (count I) and retaliatory discharge under the Act (one of the alleged claims in count III) were barred due to plaintiff's failure to exhaust administrative remedies and the failure to file suit within one year as required by section 8—101 of the Local Governmental and Governmental Employees Tort Immunity Act (745 ILCS 10/8—101 (West 2000)). The trial court also held that plaintiff failed to state a claim for retaliatory failure to rehire (the other alleged claim in count III). Plaintiff timely appeals.

Plaintiff's sole contention on appeal is that the trial court erred in granting defendant's section 2—619 motion to dismiss her claim for retaliatory failure to rehire or recall. In addressing a section 2—619 motion, a court takes all well-pleaded facts in the complaint as true, and only the complaint's legal sufficiency is contested. *Petty v. Crowell*, 306 Ill. App. 3d 774, 776 (1999). We review the granting of a section 2—619 motion *de novo. Petty,* 306 Ill. App. 3d at 776.

Plaintiff asserts that the dismissal of her claim was improper because the reason for her termination is in dispute and relevant to a determination of whether defendant's refusal to rehire or recall violated the Act. Plaintiff argues that she had a reasonable expectation of rehire when defendant had reason to know that its discharge of plaintiff was based on the report of the accusing coworker, who subsequently recanted her accusations against plaintiff. Defendant

responds it was entitled to a dismissal as a matter of law because plaintiff cannot state a cause of action for retaliatory failure to rehire or recall under section 4(h) of the Act. We agree with defendant.

■ The relevant portion of section 4(h) of the Act provides:
"It shall be unlawful for any employer *** to discharge or to threaten to discharge, or to refuse to rehire or recall *** an employee because of the exercise of his or her rights or remedies granted to him or her by this Act." 820 ILCS 305/4(h) (West 2000).

We find support for our conclusion in *Webb v. County of Cook*, 275 Ill. App. 3d 674 (1995), a case directly on point. In *Webb*, the plaintiff sustained a work-related injury and was placed on an approved disability leave and began receiving workers' compensation benefits. The plaintiff was subsequently dismissed. Thereafter, defendants refused the plaintiff's attempts to be reinstated. The plaintiff filed a complaint against her employer for retaliatory failure to rehire or recall, which was dismissed by the trial court.

■ On appeal, the appellate court held that the plaintiff could not establish a cause of action for retaliatory failure to rehire or recall under section 4(h) of the Act because she was discharged. The court reached this conclusion by finding implicit under section 4(h) a threshold requirement that a claim for retaliatory failure to rehire or recall be based upon the reasonable expectation of the employee that he or she will be permitted to return. *Webb*, 275 Ill. App. 3d at 676. The court found that an employee who has been fired generally can have no reasonable expectation of rehire. In reaching this conclusion, the court explained that courts will not compel an employer to reinstate a discharged employee absent a statutory requirement of reinstatement because courts oppose enforcing a continuing relationship between parties that are hostile to one another and money damages are ordinarily adequate compensation for the loss of employment. *Webb*, 275 Ill. App. 3d at 677.

■ The court noted that the Act contains no requirement of rehire; it only creates a cause of action for which money damages ordinarily would be adequate compensation. Without an independent statutory basis for an expectation of rehire, the court reasoned that an employee who is fired in violation of the Act cannot establish the threshold requirement of section 4(h) that the employee has a reasonable expectation that she or he will be permitted to return. *Webb*, 275 Ill. App. 3d at 677. The court further reasoned that, once the employee is fired, the former employee generally may state only a cause of action for retaliatory discharge. *Webb*, 275 Ill. App. 3d at 677.

By contrast, the court determined that, where a regular employee has been granted a leave, the employer's approval of the temporary

absence is *prima facie* evidence of that employee's reasonable expectation of recall. Similarly, the court found that a seasonal employee who has not been rehired after an off-season lull has a cause of action for retaliatory failure to rehire or recall if the employee can show a reasonable expectation of rehire. Because Illinois is an at-will employment state, the expectation must arise from the industry's practice and the particular employer's actions toward the employee. *Webb*, 275 Ill. App. 3d at 678.

■ Thus, the court concluded that section 4(h) enumerates three alternative causes of action applicable to distinct factual situations:

"An employee, whether regular or seasonal, who has been fired by his or her employer may generally only sue for retaliatory discharge. We distinguish the foregoing cause of action from those available where the employee has not, in fact, been fired. Where the employee has not been fired, a seasonal employee may only sue for retaliatory failure to rehire, and a regular employee on leave or temporary layoff may only sue for retaliatory failure to recall. Within the context of the Act, therefore, the terms 'rehire' and 'recall' should not be used interchangeably." *Webb*, 275 Ill. App. 3d at 678.

■ In this case, defendant sent plaintiff a notice of discharge for striking a patient. This action terminated the employer-employee relationship as of April 7, 1999. Because she was discharged, plaintiff cannot establish the reasonable-expectation-of-rehire cause of action under section 4(h) of the Act and, therefore, cannot bring an action for retaliatory failure to rehire or recall. Accordingly, the trial court properly granted defendant's motion to dismiss.

We note that any claims plaintiff may have had for wrongful termination and retaliatory discharge have lapsed pursuant to the one-year statute of limitations (745 ILCS 10/8—101 (West 2000)) and are waived by failing to raise the arguments on appeal (Official Reports Advance Sheet No. 21 (October 17, 2001), R. 341(e)(7), eff. October 1, 2001). We have reviewed plaintiff's remaining contentions, including the argument that the cause of action for retaliatory refusal to rehire was filed within the statute of limitations period, and find them to be without merit.

For the foregoing reasons, the judgment of the circuit court of Du Page County is affirmed.

Affirmed.

McLAREN and O'MALLEY, JJ., concur.