In the

# United States Court of Appeals
## For the Seventh Circuit

No. 17-1633

ANTHONY D. OLIVER,

*Plaintiff-Appellant,*

*v.*

JOINT LOGISTICS MANAGERS, INC.,

*Defendant-Appellee.*

Appeal from the United States District Court for the
Central District of Illinois.
No. 15-cv-04014 — **Sara L. Darrow**, *Judge.*

ARGUED MARCH 27, 2018 — DECIDED JUNE 19, 2018

Before WOOD, *Chief Judge*, and BAUER and KANNE, *Circuit Judges*.

KANNE, *Circuit Judge*. Anthony Oliver sued his employer, Joint Logistics Managers, Inc., under 42 U.S.C. § 1981, alleging that it discriminated against him when it laid him off and when it hired another applicant to fill an open position. He also alleges that his employer retaliated against him after he filed a charge with the EEOC. The district court granted summary judgment in favor of Oliver's employer. Because Oliver

has failed to present essential evidence in support of each of his claims, we affirm.

## I. BACKGROUND

Joint Logistics Managers, Inc. ("Joint Logistics") hired Anthony Oliver, an African-American man, as a truck driver in 2012. His employment terms were governed by a Collective Bargaining Agreement ("CBA") between Joint Logistics and the International Brotherhood of Teamsters Local Union No. 371. The CBA outlined two seniority units: (1) the Motor Vehicle Repair Employees ("repair unit"); and (2) the Motor Vehicle Operation Employees ("transportation unit"). When Joint Logistics conducted layoffs, the most junior employees within a "seniority unit" were let go first. And when Joint Logistics filled an existing position more senior employees within the "seniority unit" had hiring priority.

Oliver's employment history with Joint Logistics is complex (and described in great detail by the district court). *See Oliver v. Joint Logistics Managers, Inc.*, No. 15-cv-04014, 2017 WL 736873 (C.D. Ill. Feb. 24, 2017). The key events for the purpose of this appeal are the following:

- At various points during 2013–2015, Oliver was laid off from and subsequently recalled to his position in the transportation unit. Each time he was laid off, Oliver was the least senior member of the transportation unit.

- In July 2014, Oliver applied for an open mechanic position in the repair unit. Rocky Vance, a white male, also applied. Neither employee had seniority over the other.

- In August 2014, while Joint Logistics considered his application for the open mechanic position, Oliver

filed a charge with the EEOC alleging discrimination and retaliation.

- In September 2014, Joint Logistics hired Vance to fill the open mechanic position.

- In late 2014 and early 2015, Joint Logistics filled other mechanic positions. Oliver did not apply for these positions.

## II. ANALYSIS

Oliver brought discrimination and retaliation claims against Joint Logistics under 42 U.S.C. § 1981. In relevant part, he alleged that Joint Logistics discriminated against him when it laid him off from the transportation unit and when it did not hire him for the mechanic position posted in July 2014. He also alleged that the company retaliated against him by not hiring him for the mechanic positions that opened after he filed his EEOC complaint. The district court granted summary judgment in favor of Joint Logistics. Oliver appealed.

We review the district court's grant of summary judgment *de novo*, drawing all inferences in the light most favorable to the nonmoving party. *Wolf v. Buss (Am.) Inc.*, 77 F.3d 914, 918 (7th Cir. 1996). For the reasons that follow, we affirm.

*A. Joint Logistics is entitled to summary judgment on Oliver's discrimination claims.*

Section 1981 of the Civil Rights Act of 1866 "protects the right of all persons 'to make and enforce contracts' regardless of race," *Carter v. Chi. State Univ.*, 778 F.3d 651, 657 (7th Cir. 2015) (quoting 42 U.S.C. § 1981(a)). To survive summary judgment on a § 1981 discrimination claim, the plaintiff must ei-

ther provide enough evidence to "permit a reasonable fact-finder to conclude that the plaintiff's race … caused the discharge or other adverse employment action," *Ortiz v. Werner Enters., Inc.*, 834 F.3d 760, 765 (7th Cir. 2016), or employ the burden-shifting framework in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802–05 (1973).

For each of his discrimination claims, Oliver relies solely on the burden-shifting framework. Under this framework, the plaintiff must first establish a *prima facie* case of discrimination. *Id*. at 802. The burden then shifts to the employer to offer "some legitimate, nondiscriminatory reason" for the adverse employment decision. *Id*. If the employer is able to do so, the plaintiff then must show that the defendant's stated reason for the adverse employment decision is pretextual. *Id*. at 804. As explained below, both of Oliver's discrimination claims fail.

*1. Oliver cannot establish a* prima facie *case that he was laid off from the transportation unit position because of his race.*

Oliver contends that Joint Logistics discriminated against him when it laid him off from his transportation unit position at various times between 2013 and 2015. To establish a *prima facie* case when challenging a layoff, the plaintiff must demonstrate that: (1) he was a member of a protected class; (2) he was qualified for the position; (3) he was discharged; and (4) "similarly situated employees who were not members of the plaintiff's protected class were treated more favorably." *Bellaver v. Quanex Corp.*, 200 F.3d 485, 494 (7th Cir. 2000).

But Oliver has presented no adequate comparators, so no reasonable factfinder could conclude that similarly situated employees were treated more favorably. The only potential comparators he offered were more senior than him under the

CBA. And because seniority was the only factor Joint Logistics considered when reducing its force, those more senior comparators are not similarly situated. *See Tyson v. Gannett Co.*, 538 F.3d 781, 783–84 (7th Cir. 2008).

Oliver does not contest the substance of this analysis. He does not dispute that Joint Logistics considered only seniority when conducting layoffs. He also agrees that he was the least senior employee when he was laid off. Nevertheless, he argues that the CBA allowed Joint Logistics to consider qualifications in addition to seniority when conducting layoffs. Because he was arguably more qualified—though not more senior—than some workers who were not laid off, Oliver contends that the company discriminated again him.

This argument misses the point. It's true that the CBA is not the picture of clarity. (*See* R. 28-3 at 48–50.) It's also true that a plausible reading of the agreement would allow Joint Logistics to consider both seniority and qualifications when laying off employees. (*See id.*) But crucially, there is no indication in the record that any party—the company, the union's president, or even Oliver himself—believed that the CBA allowed the company to conduct layoffs based on anything but seniority. There is also no allegation that, in practice, other factors influenced layoffs. Under these circumstances, Oliver is not "similarly situated" with the more senior comparators he offers. Because Oliver has not provided evidence on this essential element, Joint Logistics is entitled to summary judgment on this claim.

*2. Oliver cannot demonstrate that his employer hid a discriminatory motive when it failed to hire him for the mechanic position in 2014.*

Oliver also argues that Joint Logistics discriminated against him when it failed to place him in a mechanic job in 2014. Joint Logistics instead hired Rocky Vance, a white employee with equal seniority in the repair unit. To make out a *prima facie* case of discrimination in the failure-to-hire context, a plaintiff must establish that: (1) he was a member of a protected class; (2) he was qualified for and applied to an open position; (3) he was rejected; and (4) the employer filled the position by hiring someone outside the protected class, or left the position open. *Blise v. Antaramian*, 409 F.3d 861, 866 (7th Cir. 2005). We will assume that Oliver has established these elements and focus on why Joint Logistics claims that it did not hire Oliver. *See Keeton v. Morningstar, Inc.*, 667 F.3d 877, 885 (7th Cir. 2012) (skipping the plaintiff's initial burden and focusing on the employer's rationale and pretext).

Joint Logistics insists that it did not hire Oliver because it believed that Vance was more qualified. So long as Joint Logistics can point to "reasonably specific facts that explain how it formed its opinion," it has met its burden. *U.S. E.E.O.C. v. Target Corp.*, 460 F.3d 946, 957 (7th Cir. 2006) (describing the employer's burden when it relies on subjective reasons for not hiring). Here, Joint Logistics easily meets that bar. While Oliver insists that he was a skilled mechanic, his resume did not support that claim. Instead, it listed less than one year of mechanic experience as an "owner-operator" and contained a line stating that he could "repair minor vehicle operation problems." By contrast, Vance's application materials listed considerable mechanic experience dating back four years.

Because Joint Logistics offered a legitimate nondiscriminatory rationale for not hiring Oliver, the burden shifted to Oliver to demonstrate that Joint Logistics's reason was pretext to hide a discriminatory motive. To survive summary judgment here, "the plaintiff need only offer evidence that supports an inference that the employer's nondiscriminatory reason for its action was dishonest." *Target Corp.*, 460 F.3d at 960. But Oliver has offered no evidence or argument on that point, so no reasonable factfinder could conclude that he has carried his burden. *See Millbrook v. IBP, Inc.*, 280 F.3d 1169, 1179–80 (7th Cir. 2002) (when employer claims to have hired most qualified candidate, the applicant's competing qualifications are not evidence of pretext "unless those differences are so favorable to the plaintiff that there can be no dispute among reasonable persons of impartial judgment that the plaintiff was clearly better qualified for the position at issue.") (quoting *Deines v. Texas Dep't. of Protective and Regulatory Servs.*, 164 F.3d 277, 279 (5th Cir. 1999)). Summary judgment was therefore appropriate on this claim as well.

*B. Joint Logistics is entitled to summary judgment on Oliver's retaliation claim.*

Oliver also argues that Joint Logistics retaliated against him by not hiring him to fill mechanic positions that opened after he filed an EEOC claim. To establish a *prima facie* case of retaliation, a plaintiff must demonstrate: (1) that he engaged in statutorily protected activity; (2) that he suffered an adverse employment action; and (3) that there is a causal link between the two. *Lord v. High Voltage Software, Inc.*, 839 F.3d 556, 563 (7th Cir. 2016). Moreover, to show an "adverse employment action" in the failure-to-hire context, a plaintiff must prove that he: "(1) … engaged in a statutorily protected

activity; (2) … applied and had the technical qualifications required for the … position; (3) … was not hired for the position; and (4) a similarly situated individual who did not [engage in statutorily protected activity] was hired for the position." *Volling v. Kurtz Paramedic Servs., Inc.*, 840 F.3d 378, 383 (7th Cir. 2016) (alteration in original) (quoting *Cichon v. Exelon Generation Co., LLC*, 401 F.3d 803, 812 (7th Cir. 2005)).

Oliver's retaliation claim must fail because he cannot demonstrate that he has suffered an adverse employment action. Indeed, Oliver never applied for or showed any interest in the mechanic positions that opened after he filed his EEOC complaint. Because he has presented no evidence on this essential element, no reasonable fact-finder could conclude that he established a *prima facie* case of retaliation. As such, summary judgment was appropriate on the retaliation claim.

### III. CONCLUSION

Oliver failed to present essential evidence in support of his discrimination and retaliation claims. We therefore AFFIRM the district court's grant of summary judgment in favor of Joint Logistics.