NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 4, 2020*
Decided March 6, 2020

**Before**

DIANE S. SYKES, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

MICHAEL Y. SCUDDER, *Circuit Judge*

No. 18-2642

| | |
|---|---|
| JACQUELINE JOHNSON,<br>*Plaintiff-Appellant*, | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 12 C 3670 |
| BOARD OF EDUCATION OF THE CITY OF CHICAGO,<br>*Defendant-Appellee*. | Matthew F. Kennelly,<br>*Judge*. |

**O R D E R**

The Chicago Board of Education did not rehire Jacqueline Johnson after she was laid off while on medical leave for a back injury. Johnson sued under the Americans

---

* We agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

with Disabilities Act, asserting that the Board failed to rehire her because of her disability. Johnson also claimed that the Board violated Illinois law by not rehiring her in retaliation for pursuing worker's compensation claims. The district court entered summary judgment for the Board on both claims. Because Johnson never applied for any positions and failed to support her assertion that it would have been futile to do so, we affirm.

In 2003 the Board hired Johnson as a "children's welfare attendant"—an aide who physically assists disabled children—but she was laid off the following year. However, several months later the Board rescinded the layoff, and Johnson worked in this job until 2009. During these years, Johnson suffered multiple on-the-job injuries to her back and neck, requiring medical leaves of absence; over this time, she filed nine worker's compensation claims.

While she was on medical leave during the summer of 2009, the Board twice wrote Johnson that it was eliminating her position effective August 31, 2009. Johnson acknowledges that she received at least one of these letters, but she believed that it was a mistake or that the Board could not eliminate her position while she was on medical leave. After a doctor cleared her to return in December 2009, Johnson contacted the Board to resume working. The Board informed her that she had been laid off in August and could not return to her position.

After the layoff Johnson spoke at several school-board meetings about her disability and what she perceived as discrimination for failing to reinstate her. The Board's general counsel, Patrick Rocks, investigated Johnson's allegations and sent her two letters explaining that her layoff was due to budgetary reasons and that there was no impediment to her reemployment in another position. Rocks also informed Johnson at a December 2010 school-board meeting that she should contact human resources to identify current vacancies.

Johnson did not apply for another position with the Board. She went several times to the Board's human-resources office to inquire about job opportunities and was told there were no vacant positions. She never looked online for job openings with the Board, even though both letters informing Johnson of her layoff stated that all job vacancies would be posted on the Chicago Public Schools website and that she could apply for these positions online.

Johnson came to believe the Board would never hire her again. According to her deposition testimony and declarations, sometime between the end of 2009 and the end of 2010, she spoke on the phone with an employee at human resources and was told that she was "coded a no hire." She also swore that during a conversation after a school-board meeting, Rocks said the Board would not rehire her.

In 2012 Johnson sued the Board for failing to rehire her.[1] As relevant here, she claimed that the Board discriminated against her because of her disability in violation of the Americans with Disabilities Act, 42 U.S.C. § 12112, and retaliated against her because she had filed multiple claims for worker's compensation, violating the Illinois Worker's Compensation Act, 820 ILL. COMP. STAT. 305/4(h).

The judge ultimately entered summary judgment for the Board on both claims. He determined that because Johnson never applied for any positions and lacked evidence that discriminatory practices deterred her from applying, she could not establish an adverse employment action—a required element of an ADA claim. The judge also determined that Johnson could not meet a threshold requirement for a retaliation claim under the Illinois Worker's Compensation Act: a reasonable expectation of returning to employment. *See Webb v. County of Cook*, 656 N.E.2d 85, 88 (Ill. App. Ct. 1995). Johnson appealed.

Johnson generally challenges the district court's conclusion that she did not suffer an adverse employment action for purposes of her disability-discrimination claim. She refers to her 2009 layoff but barely discusses the failure to rehire her, although this is the only action the district court found to be within the scope of her claim. A failure to hire can, of course, constitute an adverse employment action. *See* 42 U.S.C. § 2000e-2(a)(1); *Oliver v. Joint Logistics Managers, Inc.*, 893 F.3d 408, 413 (7th Cir. 2018). To succeed on that theory, a plaintiff must demonstrate that she "was qualified for and applied to an open position" but was rejected. *Oliver*, 893 F.3d at 413. Here, it is undisputed that Johnson never applied for any positions, so she cannot show that she was not hired because of her disability. *See Sublett v. John Wiley & Sons, Inc.*,

---

[1] This case has taken a slow path. After Johnson missed a status hearing, the district court dismissed her case for want of prosecution. We reversed that decision and ordered the district court to reinstate the case. *See Johnson v. Chi. Bd. of Educ.*, 718 F.3d 731 (7th Cir. 2013). The judge reinstated the case on December 10, 2014, and the proceedings thereafter were protracted, consisting of a motion to dismiss, prolonged discovery, settlement attempts, and multiple motions for summary judgment.

463 F.3d 731, 738–39 (7th Cir. 2006) (holding that the employer did not discriminate against the plaintiff by not considering her for a position for which she did not express interest); *Hudson v. Chi. Transit Auth.*, 375 F.3d 552, 558 (7th Cir. 2004).

But if "discriminatory practices" prevented Johnson from applying, then her failure to do so would not be fatal. *See Hudson*, 375 F.3d at 558. Johnson mentions "discrimination practices" but does not contend that she was denied the opportunity to submit an application for any open position. Indeed, the undisputed evidence is that the Board encouraged her to visit its hiring website to view current and future job vacancies and submit an application. *Cf. Volling v. Kurtz Paramedic Servs., Inc.*, 840 F.3d 378, 383–84 (7th Cir. 2016) (concluding an adverse action existed when the employer informed all former employees of new vacancies and how to apply except the plaintiffs, then interviewed and hired all former employees except the plaintiffs). Her belief that the Board would not rehire her—whether justified or not—does not amount to evidence that the Board inhibited her ability to apply by employing discriminatory practices related to her disability. *Cf. id.* at 384 (holding that when "plaintiffs' failure to apply stemmed from the very discriminatory practice they complain of, . . . their failure to apply need not bar their … claims"); *Loyd v. Phillips Bros., Inc.*, 25 F.3d 518, 523 (7th Cir. 1994) (finding plaintiff was "deterred from applying by the very discriminatory practices he is protesting"). And mere speculation about the Board's intent is insufficient to overcome summary judgment. *See Consolino v. Towne*, 872 F.3d 825, 831 (7th Cir. 2017).

Johnson also challenges the conclusion that she could not establish retaliation under the Illinois Worker's Compensation Act, but this claim fails because Johnson did not present evidence that she had a reasonable expectation of being reinstated in her old job. In Illinois an employee may pursue damages if any employer refuses to rehire her because she filed worker's compensation claims. 820 Ill. Comp. Stat. 305/4(h). Yet, because the Act has no requirement of rehire, Illinois courts have recognized a threshold requirement that an employee have a reasonable expectation of returning to work to succeed on a claim. *See Klinkner v. County of DuPage*, 770 N.E.2d 734, 737 (Ill. App. Ct. 2002); *Webb v. County of Cook*, 656 N.E.2d 85, 88 (Ill. App. Ct. 1995). Here, the August 2009 letters stated in no uncertain terms that the Board was eliminating Johnson's position, so her employment would terminate. Johnson has no evidence to support her contrary assertion that the layoff was "temporary" or that she reasonably expected that she would be automatically called up for future jobs. And although Johnson now argues that her union's collective-bargaining agreement entitled her to

rehiring, she waived this argument by not raising it in the district court. *See Robinson v. Davol Inc.*, 913 F.3d 690, 696 (7th Cir. 2019).

We have considered Johnson's remaining arguments, and none has merit.

AFFIRMED